PAUL J. CAMBRIA, JR., ESQ. (State Bar No. 177957)
JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
pcambria@lglaw.com
jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
RICHARD W. LABOWE, Esq. (State Bar No. 105905)
LABOWE, LABOWE & HOFFMAN, LLP
1631 West Beverly Boulevard, Second Floor
Los Angeles, California 90026-5746
(213) 250-9800
Facsimile No: (213) 975-1145
mshllh@aol.com
llhlaw1631@aol.com

Attorneys for Plaintiffs Larry C. Flynt, LFP Video Group, LLC,
and LFP IP, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY C. FLYNT,** **LFP VIDEO GROUP, LLC,** **and LFP IP, LLC,** <br><br> Plaintiffs, <br><br> vs. <br><br> **FLYNT MEDIA CORPORATION,** a Delaware Corporation; **JIMMY FLYNT, II; DUSTIN FLYNT;** and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: 2:09-cv-00048-AHM-RZx <br><br><br> **STIPULATION RE THE CONTINUED DEPOSITION OF JIMMY FLYNT, SR.** |

Plaintiffs Larry C. Flynt, LFP Video Group, LLC, and LFP IP, LLC ("Plaintiffs") and Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt ("Defendants") hereby submit their joint Stipulation Re the Continued Deposition of Jimmy Flynt, Sr.:

1.    Jimmy Flynt, Sr. is the brother of Plaintiff Larry Flynt and the father of Defendants Dustin and Jimmy Flynt, II.

2.    On or about April 13, 2009, pursuant to a subpoena issued in the Southern District of Ohio by counsel for the Plaintiffs, Jimmy Flynt, Sr. appeared for deposition in Cincinnati, Ohio.  During the deposition, Jimmy Flynt, Sr. refused to answer any substantive questions and asserted the Fifth Amendment privilege. A true and correct copy of the deposition transcript is attached hereto as **Exhibit A**.

3.    On or about June 3, 2009, Plaintiffs filed and pursued a motion in the Southern District of Ohio in hopes of compelling Jimmy Flynt, Sr.'s testimony. On or about July 21, 2009, Magistrate Judge Timothy S. Hogan held a conference and instructed counsel for Jimmy Flynt, Sr. and Plaintiffs' counsel to reach an agreement on the continued deposition of Jimmy Flynt, Sr.  An agreement could not be reached and a hearing on Plaintiffs' motions was eventually set on September 30, 2009.  A decision from Magistrate Judge Hogan was issued on October 1, 2009.  A true and correct copy of the decision is attached hereto as **Exhibit B**.

4.    In conformance with the Southern District of Ohio's decision in this matter, Plaintiffs' counsel issued a Notice of Continued Deposition of Jimmy Flynt, Sr., setting the continued deposition for October 21, 2009.

5.    The scheduled close of non-expert discovery in this matter was May 22, 2009.  The parties therefore agree and stipulate that the deposition of Jimmy Flynt Sr. may take place after May 22, 2009, and request, to the extent necessary, that the Court extend the deadline for non-expert discovery to allow for the completion of Jimmy Flynt Sr.'s deposition.

6.    By entering into this stipulation, Defendants reserve their right to seek permission to amend their trial witness list to include Jimmy Flynt, Sr., and Plaintiffs reserve the right to object to same.

THEREFORE, the parties, through their respective counsel, stipulate and request that to the extent required, that this Court issue an Order approving the Continued Deposition of Jimmy Flynt Sr. in accordance with the Federal Rules of Civil Procedure, and in conformance with the Order of Magistrate Timothy S. Hogan dated October 1, 2009.

///

///

DATED: October 19, 2009          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                 By:   /s/ Daniel C. DeCarlo
                                       Daniel C. DeCarlo
                                       Mina I. Hamilton
                                       Daniel R. Lewis
                                       Attorneys for Defendants

DATED: October 19, 2009          LIPSITZ GREEN SCIME CAMBRIA LLP


                                 By:   /s/ Jonathan W. Brown
                                       Paul J. Cambria Jr.
                                       Jonathan W. Brown
                                       Attorneys for Plaintiffs

# EXHIBIT A

1

```
1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                      *   *   *

4   LARRY C. FLYNT, LPF VIDEO

5   GROUP, LLC, and LFP IP, LLC,

6         Plaintiffs,              CASE NO.:

7         vs.                      2:09-CV-00048-AHM-RZx

8   FLYNT MEDIA CORPORATION, a

9   Delaware corporation; JIMMY

10  FLYNT, II; DUSTIN FLYNT; and

11  DOES 1 through 10, inclusive,

12        Defendants.

13                     *   *   *

14        Deposition of JIMMY FLYNT, SR., Witness

15  herein, called by the Plaintiffs for direct

16  examination pursuant to the Rules of Civil

17  Procedure, taken before me, Karen M. Rudd, a

18  Notary Public in and for the State of Ohio, at the

19  offices of Sirkin, Pinales & Schwartz, 105 West

20  Fourth Street, Suite 920, Cincinnati, Ohio, on

21  Monday, April 27, 2009, at 8:46 a.m.

22                     *   *   *

23

24

25
```

2

1  APPEARANCES:

2      On behalf of the Plaintiffs:

3          Lipsitz, Green, Scime, Cambria

4      By:  Jonathan W. Brown
            Attorney at Law
5          42 Delaware Avenue
           Suite 120
6          Buffalo, New York  14202

7      and

8          Labowe, Labowe & Hoffman

9      By:  Mark S. Hoffman
            Attorney at Law
10         1631 W. Beverly Boulevard
           Second Floor
11         Los Angeles, California  90026

12     On behalf of the Defendants:

13         Lewis, Brisbois, Bisgaard & Smith

14     By:  Daniel C. DeCarlo
            Attorney at Law
15         221 N. Figueroa Street
           Suite 1200
16         Los Angeles, California  90012

17     On behalf of the Witness:

18         Sirkin, Pinales & Schwartz

19     By:  H. Louis Sirkin
            Attorney at Law
20         920 Fourth & Race Tower
           105 West Fourth Street
21         Cincinnati, Ohio  45202

22  ALSO PRESENT:

23         Theresa Flynt

24                  *   *   *

25

3

| | | |
|---|---|---|
| 08:46:16 | 1 | MR. SIRKIN:  Mr. Flynt has been |
| 08:46:19 | 2 | advised to exercise his rights under the Fifth |
| 08:46:22 | 3 | Amendment where appropriate.  I will indicate |
| 08:46:25 | 4 | that it is my belief that there are currently, |
| 08:46:28 | 5 | and I don't believe that there's any -- I don't |
| 08:46:31 | 6 | know of any investigation that's going on |
| 08:46:33 | 7 | against Hustler or anything with that, but |
| 08:46:36 | 8 | there have been some federal indictments, and |
| 08:46:39 | 9 | I'm aware of a couple that I cannot disclose, |
| 08:46:42 | 10 | because we may be involved in them. |
| 08:46:46 | 11 | But I can tell you there's one |
| 08:46:47 | 12 | case that is currently pending in the District |
| 08:46:53 | 13 | of Columbia, it's against Evil Angel and John |
| 08:46:57 | 14 | Stagliano, and we believe that a lot of |
| 08:47:00 | 15 | information that the government has in that |
| 08:47:03 | 16 | case, because we have been supplied copies of |
| 08:47:05 | 17 | depositions, that Mr. Stagliano had given and |
| 08:47:10 | 18 | responded to in his piracy case out in |
| 08:47:14 | 19 | California. |
| 08:47:14 | 20 | So based upon our concern, |
| 08:47:18 | 21 | Mr. Flynt will be asserting his rights.  And I |
| 08:47:21 | 22 | will refer you to Rogers versus the United |
| 08:47:25 | 23 | States, which is 71 S. Ct. 438, that the |
| 08:47:31 | 24 | propriety of exercising ones right to the Fifth |
| 08:47:33 | 25 | Amendment in civil proceedings where |

4

08:47:35   1   appropriate where an answer my tend to

08:47:37   2   incriminate.  You are free to go forward.

08:47:42   3                   MR. HOFFMAN:  Let's swear him in.

08:47:42   4                   JIMMY FLYNT, SR.

08:47:42   5   of lawful age, Witness herein, having been first

           6   duly cautioned and sworn, as hereinafter

           7   certified, was examined and said as follows:

           8                   DIRECT EXAMINATION

08:47:56   9   BY MR. BROWN:

08:47:56  10          Q.    Good morning, Mr. Flynt.

08:47:57  11          A.    Good morning.

08:47:57  12          Q.    My name is Jonathan Brown.  I'm

08:47:59  13   one of the attorneys for the plaintiffs in this

08:48:01  14   case.  Can you please spell your full name for

08:48:07  15   the record?

08:48:07  16          A.    Jimmy, J I M M Y, Flynt, F L Y N T.

08:48:13  17          Q.    And have you been known by any

08:48:18  18   other names, sir?

08:48:19  19          A.    No.

08:48:20  20          Q.    And have you ever had your

08:48:22  21   deposition taken before?

08:48:23  22          A.    On a divorce proceeding many, many

08:48:28  23   years ago.

08:48:28  24          Q.    Anything else?

08:48:29  25          A.    I don't know.  No.

5

| | | |
|---|---|---|
| 08:48:33 | 1 | Q. Okay. I assume that your lawyer |
| 08:48:35 | 2 | has already explained to you a little bit about |
| 08:48:37 | 3 | the deposition process, but I want to go over a |
| 08:48:39 | 4 | few ground rules before we get into the facts |
| 08:48:42 | 5 | of the case. |
| 08:48:44 | 6 | Unless your attorney instructs you |
| 08:48:46 | 7 | otherwise, you must give me a verbal answer to |
| 08:48:48 | 8 | my questions. Do you understand that? |
| 08:48:49 | 9 | A. Yes. |
| 08:48:49 | 10 | Q. In other words, the court reporter |
| 08:48:52 | 11 | can't record a head nod and has difficulty |
| 08:48:55 | 12 | transcribing words like uh-huh and uh-uh and |
| 08:48:59 | 13 | na. So I would like to ask you to try to |
| 08:49:01 | 14 | verbalize your response the best as possible |
| 08:49:03 | 15 | using yes, no, or other words to that effect. |
| 08:49:07 | 16 | Is that fair? |
| 08:49:07 | 17 | A. I understand. |
| 08:49:08 | 18 | Q. And when we are talking today, |
| 08:49:13 | 19 | your attorney may assert objections for the |
| 08:49:19 | 20 | record, et cetera. We need to be careful and |
| 08:49:20 | 21 | try not to talk over one another. You need to |
| 08:49:22 | 22 | try to let me finish my question before you |
| 08:49:24 | 23 | answer. Is that fair? |
| 08:49:25 | 24 | A. Yes. |
| 08:49:25 | 25 | Q. And when I ask you a question, I'm |

6

08:49:29  1  going to assume that you understand it.  So if

08:49:32  2  you don't understand it, please let me know,

08:49:34  3  and I will try to rephrase it.

08:49:36  4          A.    Yes.

08:49:36  5          Q.    And we are going to take a break

08:49:40  6  or two, I'm sure, during the deposition, and if

08:49:42  7  you need to take a break at any point in time,

08:49:44  8  please let me know that.

08:49:46  9          A.    Yes.

08:49:47  10         Q.    As you probably know already, the

08:49:52  11  court reporter sitting to your left will be

08:49:56  12  preparing a transcript or a record of our

08:50:00  13  deposition here, and you are going to be given

08:50:03  14  that transcript for review.  Do you understand

08:50:06  15  that?

08:50:06  16         A.    Yes.

08:50:06  17         Q.    And you will have an opportunity

08:50:08  18  to make any corrections or clarifications that

08:50:13  19  you would like to the deposition transcript.

08:50:16  20  Do you understand that?

08:50:17  21         A.    Yes.

08:50:17  22         Q.    Do you also understand that if you

08:50:21  23  do make any changes to the transcript today,

08:50:25  24  that we will be able to use those changes to

08:50:29  25  question your veracity?  Do you understand

7

08:50:32  1  that?

08:50:33  2          A.    Yes.

08:50:33  3          Q.    And have you taken any medications

08:50:39  4  within the past 24 hours that might impair your

08:50:41  5  ability to give us your best testimony today?

08:50:45  6          A.    No.

08:50:45  7          Q.    Have you taken any alcohol in the

08:50:49  8  past 24 hours?

08:50:50  9          A.    No.

08:50:52  10         Q.    And is there any reason that you

08:50:55  11  cannot give your best testimony today?

08:50:57  12         A.    No.

08:50:57  13         Q.    I'd like to know everything you

08:51:05  14  did prior to coming to your deposition today.

08:51:08  15  Did you review any documents?

08:51:12  16         A.    My Fifth Amendment rights.

08:51:17  17         Q.    Anything else?

08:51:18  18         A.    Nope

08:51:21  19         Q.    When is the last time you spoke

08:51:23  20  with your son -- let me back up.  You have how

08:51:30  21  many sons, sir?

08:51:31  22         A.    Two.

08:51:32  23         Q.    And what are their names?

08:51:34  24         A.    Jimmy and Dustin.

08:51:36  25         Q.    And Jimmy R. Flynt, II, is a

8

| | | |
|---|---|---|
| 08:51:40 | 1 | defendant in this action.  Do you understand |
| 08:51:42 | 2 | that? |
| 08:51:42 | 3 | A.    That's what I understand. |
| 08:51:43 | 4 | Q.    Okay.  And you also understand |
| 08:51:45 | 5 | that Dustin Flynt, your other son, is also a |
| 08:51:47 | 6 | defendant in this action? |
| 08:51:48 | 7 | A.    That's what I hear. |
| 08:51:49 | 8 | Q.    Okay.  And your brother is Larry |
| 08:51:53 | 9 | C. Flynt; is that correct? |
| 08:51:54 | 10 | A.    That's correct. |
| 08:51:55 | 11 | Q.    Is he your older brother or |
| 08:51:57 | 12 | younger brother? |
| 08:51:58 | 13 | A.    Older. |
| 08:51:59 | 14 | Q.    Okay.  Getting back to my other |
| 08:52:07 | 15 | question.  Did you review any documents before |
| 08:52:10 | 16 | you came here today related to this lawsuit? |
| 08:52:14 | 17 | A.    I answered -- the Fifth Amendment, |
| 08:52:17 | 18 | I mean, my rights under the -- granted to me |
| 08:52:20 | 19 | under the Fifth Amendment to the Constitution. |
| 08:52:22 | 20 | That's what I have reviewed. |
| 08:52:23 | 21 | Q.    Okay.  And did you speak with your |
| 08:52:26 | 22 | son Jimmy, II? |
| 08:52:28 | 23 | A.    No. |
| 08:52:29 | 24 | Q.    Did you speak with Dustin? |
| 08:52:30 | 25 | A.    Very seldom. |

9

08:52:32   1            Q.    And did you speak with anyone
08:52:35   2    other than your attorney about your deposition
08:52:37   3    here?
08:52:37   4            A.    No.
08:52:39   5            Q.    What does LFP stand for?
08:52:51   6            A.    Larry Flynt Publications.
08:52:54   7            Q.    And how long have you been
08:52:58   8    involved with Larry Flynt publications?
08:53:02   9                  MR. DeCARLO:   Objection, vague.
08:53:05  10                  THE WITNESS:   Since the -- oh,
08:53:09  11    okay.  I'm going to take the Fifth Amendment.
08:53:14  12    It grants me the rights under the Fifth
08:53:16  13    Amendment of the Constitution that whatever I
08:53:18  14    testify to may tend to incriminate me.
08:53:22  15            Q.    Have you ever been employed by --
08:53:25  16    well, let me back up.  You understand your
00:53:28  17    brother Larry Flynt owns many, many different
08:53:31  18    companies.  Do you understand that?
08:53:33  19            A.    I respectfully decline to answer
08:53:35  20    this question that it might incriminate me and
08:53:39  21    violates my Fifth Amendment rights.
08:53:41  22            Q.    Have you ever been employed by an
08:53:42  23    LFP company?
08:53:44  24            A.    I respectfully decline to answer
08:53:48  25    that question on the grounds that it may

10

08:53:49  1 | incriminate me by the rights granted to me by

08:53:54  2 | the Fifth Amendment.

08:53:55  3 |          Q.    What is Flynt Media Corporation?

08:53:58  4 |          A.    I respectfully decline to answer

08:54:00  5 | that question on the grounds that it might

08:54:02  6 | incriminate me by the rights granted to me in

08:54:05  7 | the Fifth Amendment.

08:54:06  8 |          Q.    Do you have any ownership interest

08:54:08  9 | in Flynt Media Corporation?

08:54:09  10 |          A.    I respectfully decline to answer

08:54:12  11 | that question, it may tend to incriminate me,

08:54:16  12 | by the rights granted to me by the Fifth

08:54:16  13 | Amendment.

08:54:19  14 |               MR. DeCARLO:  Can we go off the

08:54:20  15 | record a second?

08:54:21  16 |               MR. BROWN:  Sure.

08:54:21  17 |               (Thereupon, an off-the-record

09:02:13  18 | discussion was held.)

09:02:13  19 |               MR. BROWN:  Counsel for the

09:02:16  20 | parties have conferred off the record

09:02:19  21 | concerning Jimmy R. Flynt, Sr.'s, assertion of

09:02:26  22 | the Fifth Amendment privilege.  It is our

09:02:28  23 | understanding today that he will not answer any

09:02:31  24 | questions related to his employment with any of

09:02:36  25 | Larry Flynt's companies.

11

09:02:38  1            It is also my understanding he

09:02:40  2   will not answer any questions related to Flynt

09:02:44  3   Media Corporation, the formation of Flynt Media

09:02:47  4   Corporation, the Flynt DVD line released by

09:02:52  5   Flynt Media Corporation.  I also understand he

09:02:55  6   will not -- he will continue to assert the

09:02:58  7   Fifth as to any conversations he may have had

09:03:01  8   with his sons concerning Flynt Media

09:03:04  9   Corporation.

09:03:05  10           I also understand that he is

09:03:07  11  asserting the Fifth as to any conversations he

09:03:09  12  may have had with his brother concerning Flynt

09:03:12  13  Media Corporation.  Are there any other areas

09:03:16  14  I'm missing?

09:03:17  15           MR. DeCARLO:  It's my

09:03:18  16  understanding that Mr. Flynt will not testify

09:03:21  17  to any -- to his current status vis-a-vis any

09:03:27  18  Larry Flynt company, as well as any of the

09:03:30  19  conversations he has had with Larry Flynt and

09:03:33  20  others about his current employment status.

09:03:39  21           MR. SIRKIN:  That is correct.

09:03:50  22       Q.   Mr. Flynt, did you originally

09:03:52  23  spell your name with an I, the last name,

09:03:55  24  F L I N T?

09:03:58  25           A.   I'm going to not answer that

12

09:04:00  1  question by my rights granted by the Fifth

09:04:05  2  Amendment as it may incriminate me.

09:04:09  3        Q.    Is your brother Larry C. Flynt

09:04:11  4  famous?

09:04:13  5        A.    I think that's been stipulated to.

09:04:19  6        MR. BROWN:   Is there anything else

09:04:20  7  we need to put on the record?

09:04:22  8        MR. DeCARLO:   All my questions

09:04:23  9  will not be answered, so I do have questions,

09:04:25  10  but in light of the representation by

09:04:28  11  Mr. Sirkin, I don't feel it would be productive

09:04:30  12  to go any further.

09:04:31  13        MR. BROWN:   And I also would like

09:04:32  14  to say that I have several hours' worth of

09:04:35  15  questions that we would like to ask the

09:04:37  16  deponent here today, but given the stance

09:04:41  17  regarding the Fifth Amendment privilege, we

09:04:44  18  obviously have a lot of area to cover and that

09:04:48  19  the deponent is refusing to answer.

09:04:52  20        MR. SIRKIN:   He is not refusing;

09:04:53  21  he is asserting his rights under the Fifth

09:04:56  22  Amendment.

09:04:56  23        MR. BROWN:   Well, he is refusing

09:04:57  24  to answer based upon his rights under the Fifth

09:05:00  25  Amendment.

13

09:05:02  1              MR. SIRKIN:  I'm not going to play

09:05:04  2      semantics.  He is asserting a right guaranteed

09:05:06  3      to him by the Fifth Amendment.

09:05:11  4              MR. HOFFMAN:  We will just have to

09:05:12  5      have the judge in Los Angeles determine the

09:05:16  6      propriety or lack of propriety of the

09:05:17  7      assertions and the travel expenses and

09:05:20  8      out-of-pocket expenses incurred coming here to

09:05:22  9      take -- to attempt to --

09:05:25 10              MR. SIRKIN:  Well --

09:05:25 11              MR. HOFFMAN:  Let me finish -- to

09:05:27 12      attempt to take the deposition of Mr. Flynt.

09:05:28 13      I'm not the judge.  I don't know what he is

09:05:30 14      going to do, and it's not my place to

09:05:32 15      speculate, but I told you off the record that

09:05:34 16      there have been expenses incurred.

09:05:36 17              MR. SIRKIN:  I understand that.

09:05:37 18              MR. HOFFMAN:  Two days of travel.

09:05:38 19              MR. SIRKIN:  I will also indicate

09:05:39 20      to you that it is no surprise that he is

09:05:42 21      asserting the Fifth Amendment.  I indicated

09:05:44 22      that as early as the beginning of March that he

09:05:46 23      would be asserting it where I believed it was

09:05:48 24      appropriate, and that's a determination based

09:05:52 25      upon my experience, my knowledge of what I

14

09:05:55  1  believe is going on in the United States today

09:05:57  2  and investigations and that he is asserting the

09:06:01  3  Fifth Amendment.  If the judge compels, then we

09:06:03  4  will follow Court orders.

09:06:09  5          MR. HOFFMAN:  Off the record,

09:06:12  6  ma'am.

09:06:12  7          (Thereupon, an off-the-record

09:07:24  8  discussion was held.)

09:07:24  9          MR. BROWN:  Counsel have just

09:07:32  10  conferred off the record.  The transcript for

09:07:35  11  today's deposition will be sent to Mr. Sirkin's

09:07:39  12  office and within one week of receipt

09:07:42  13  Mr. Sirkin will let the parties know whether

09:07:44  14  there have been any changes or corrections to

09:07:46  15  the transcript.  So stipulated?

09:07:51  16          MR. DeCARLO:  So stipulated.

09:07:52  17          MR. SIRKIN:  So stipulated.

09:07:56  18          (Thereupon, the deposition was

09:07:58  19  concluded at 9:07 a.m.)

20

21

22

23

24

25

16

1   STATE OF OHIO          )

2   COUNTY OF MONTGOMERY ) SS: CERTIFICATE

3           I, Karen M. Rudd, a Notary

4   Public within and for the State of Ohio, duly

5   commissioned and qualified,

6           DO HEREBY CERTIFY that the

7   above-named JIMMY FLYNT, SR., was by me first duly

8   sworn to testify the truth, the whole truth and

9   nothing but the truth.

10          Said testimony was reduced to

11  writing by me stenographically in the presence

12  of the witness and thereafter reduced to

13  typewriting.

14          I FURTHER CERTIFY that I am not a

15  relative or Attorney of either party, in any

16  manner interested in the event of this action,

17  nor am I, or the court reporting firm with which

18  I am affiliated, under a contract as defined in

19  Civil Rule 28(D).

20

21

22

23

24

25

1          IN WITNESS WHEREOF, I have hereunto set

2   my hand and seal of office at Dayton, Ohio, on

3   this __27th__ day of _____April_____, 2009.

4

5   _____
    KAREN M. RUDD

6   NOTARY PUBLIC, STATE OF OHIO
    My commission expires 5-21-2012

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Flynt, Larry C., et al. v. Flynt Media Corporation, etc., et al.                                           Jimmy Flynt, Sr.

**A**

ability 7:5
able 6:24
about 5:2 9:2 11:20
above-named 16:7
accurate 15:2
action 8:1,6 16:16
advised 3:2
affiliated 16:18
against 3:7,13
age 4:5
ago 4:23
alcohol 7:7
already 5:2 6:10
Amendment 3:3,25
  7:16 8:17,19 9:11,13
  9:21 10:2,7,13,22
  12:2,17,22,25 13:3
  13:21 14:3
Angel 3:13
Angeles 2:11,16 13:5
another 5:21
answer 4:1 5:7,23 9:19
  9:24 10:4,10,23 11:2
  11:25 12:19,24
answered 8:17 12:9
anyone 9:1
anything 3:7 4:24 7:17
  12:6
APPEARANCES 2:1
appropriate 3:3 4:1
  13:24
April 1:21
area 12:18
areas 11:13
assert 5:19 11:6
asserting 3:21 11:11
  12:21 13:2,21,23
  14:2
assertion 10:21
assertions 13:7
assume 5:1 6:1
attempt 13:9,12
attorney 2:4,9,14,19
  5:6,19 9:2 16:15
attorneys 4:13
Avenue 2:5
aware 3:9
a.m 1:21 14:19

**B**

back 7:20 8:14 9:16
based 3:20 12:24 13:24
before 1:17 4:21 5:4,22
  8:15
beginning 13:22
behalf 2:2,12,17

belief 3:4
believe 3:5,14 14:1
believed 13:23
best 5:14 7:5,11
Beverly 2:10
Bisgaard 2:13
bit 5:2
Boulevard 2:10
break 6:5,7
Brisbois 2:13
brother 8:8,11,12 9:17
  11:12 12:3
Brown 2:4 4:9,12
  10:16,19 12:6,13,23
  14:9
Buffalo 2:6

**C**

C 1:4 2:14 8:9 12:3
California 1:2 2:11,16
  3:19
called 1:15
Cambria 2:3
came 8:16
careful 5:20
case 1:6 3:12,16,18
  4:14 5:5
cautioned 4:6
CENTRAL 1:2
CERTIFICATE 16:2
certified 4:7
certify 15:1 16:6,14
cetera 5:20
changes 6:23,24 14:14
Cincinnati 1:20 2:21
civil 1:16 3:25 16:19
clarifications 6:18
Columbia 3:13
coming 7:14 13:8
commission 17:6
commissioned 16:5
companies 9:18 10:25
company 9:23 11:18
compels 14:3
concern 3:20
concerning 10:21 11:8
  11:12
concluded 14:19
conferred 10:20 14:10
Constitution 8:19 9:13
continue 11:6
contract 16:18
conversations 11:7,11
  11:19
copies 3:16
corporation 1:8,9 10:3
  10:9 11:3,4,5,9,13
correct 8:9,10 11:21

corrections 6:18 14:14
Counsel 10:19 14:9
COUNTY 16:2
couple 3:9
court 1:1 5:10 6:11
  14:4 16:17
cover 12:18
Ct 3:23
current 11:17,20
currently 3:4,12

**D**

Daniel 2:14
Dated 15:8
day 17:3
days 13:18
Dayton 17:2
DeCarlo 2:14 9:9 10:14
  11:15 12:8 14:16
decline 9:19,24 10:4,10
defendant 8:1,6
Defendants 1:12 2:12
defined 16:18
Delaware 1:9 2:5
deponent 12:16,19
deposition 1:14 4:21
  5:3 6:6,13,19 7:14
  9:2 13:12 14:11,18
depositions 3:17
determination 13:24
determine 13:5
different 9:17
difficulty 5:11
direct 1:15 4:8
disclose 3:9
discussion 10:18 14:8
District 1:1,2 3:12
divorce 4:22
documents 7:15 8:15
duly 4:6 16:4,7
during 6:6
Dustin 1:10 7:24 8:5,24
DVD 11:4

**E**

early 13:22
effect 5:15
either 16:15
employed 9:15,22
employment 10:24
  11:20
et 5:20
event 16:16
ever 4:20 9:15,22
everything 7:13
Evil 3:13
examination 1:16 4:8
examined 4:7

exercise 3:2
exercising 3:24
expenses 13:7,8,16
experience 13:25
expires 17:6
explained 5:2

**F**

F 4:16 11:24
facts 5:4
fair 5:16,23
famous 12:4
federal 3:8
feel 12:11
few 5:4
Fifth 3:2,24 7:16 8:17
  8:19 9:11,12,21 10:2
  10:7,12,22 11:7,11
  12:1,17,21,24 13:3
  13:21 14:3
Figueroa 2:15
finish 5:22 13:11
firm 16:17
first 4:5 16:7
Floor 2:10
Flynt 1:4,8,10,10,14
  2:23 3:1,21 4:4,10,16
  7:25 8:5,9 9:6,8,17
  10:3,9,21 11:2,3,4,5
  11:8,12,16,18,19,22
  12:3 13:12 15:1 16:7
Flynt's 10:25
follow 14:4
follows 4:7
foregoing 15:2
formation 11:3
forward 4:2
Fourth 1:20 2:20,20
free 4:2
full 4:14
further 12:12 16:14

**G**

Getting 8:14
give 5:7 7:5,11
given 3:17 6:13 12:16
go 4:2 5:3 10:14 12:12
going 3 6 6:1,5,13 9:11
  11:25 13:1,14 14:1
Good 4:10,11
government 3:15
granted 8:18 10:1,6,12
  12:4
grants 9:12
Green 2:3
ground 5:4
grounds 9:25 10:5
GROUP 1:5

guaranteed 13:2

**H**

H 2:19
hand 17:2
having 4:5
head 5:11
hear 8:7
held 10:18 14:8
hereinafter 4:6
hereunto 17:1
him 4:3 13:3
Hoffman 2:8,9 4:3 13:4
  13:11,18 14:5
hours 7:4,8 12:14
Hustler 3:7

**I**

II 1:10 7:25 8:22
impair 7:4
inclusive 1:11
incriminate 4:2 9:14,20
  10:1,6,11 12:2
incurred 13:8
indicate 3:3 13:19
indicated 13:21
indictments 3:8
information 3:15
instructs 5:6
interest 10:8
interested 16:16
investigation 3:6
investigations 14:2
involved 3:10 9:8
IP 1:5

**J**

J 4:16
Jimmy 1:9,14 4:4,16
  7:24,25 8:22 10:21
  15:1 16:7
John 3:13
Jonathan 2:4 4:12
judge 13:5,13 14:3
just 13:4 14:9

**K**

Karen 1:17 16:3 17:5
know 3:6 4:25 6:2,8,10
  7:13 13:13 14:13
knowledge 13:25
known 4:17

**L**

L 4:16 11:24
Labowe 2:8,8
lack 13:6
Larry 1:4 8:8 9:6,8,17

Flynt, Larry C., et al. v. Flynt Media Corporation, etc., et al.                    Jimmy Flynt, Sr.

Page 2

10:25 11:18,19 12:3
last 7:19 11:23
Law 2:4,9,14,19
lawful 4:5
lawsuit 8:16
lawyer 5:1
left 6:11
let 5:22 6:2,8 7:20 9:16
  13:11 14:13
Let's 4:3
Lewis 2:13
LFP 1:5 9:5,23
light 12:10
like 5:12,13 6:19 7:13
  12:13,15
line 11:4
Lipsitz 2:3
little 5:2
LLC 1:5,5
long 9:7
Los 2:11,16 13:5
lot 3:14 12:18
Louis 2:19
LPF 1:4

**M**
M 1:17 4:16,16 16:3
  17:5
make 6:18,23
manner 16:16
many 4:22,22 7:21 9:17
  9:17
March 13:22
Mark 2:9
may 3:10 5:19 9:14,25
  10:11 11:7,12 12:2
ma'am 14:6
mean 8:18
Media 1:8 10:3,9 11:3
  11:3,5,8,13
medications 7:3
might 7:4 9:20 10:5
missing 11:14
Monday 1:21
MONTGOMERY 16:2
morning 4:10,11
must 5:7

**N**
N 2:15 4:16 11:24
name 4:12,14 11:23,23
names 4:18 7:23
need 5:20,21 6:7 12:7
New 2:6
nod 5:11
Nope 7:18
Notary 1:18 16:3 17:6
nothing 16:9

**O**
Objection 9:9
objections 5:19
obviously 12:18
off 10:14,20 13:15 14:5
  14:10
office 14:12 17:2
offices 1:19
off-the-record 10:17
  14:7
oh 9:10
Ohio 1:18,20 2:21 16:1
  16:4 17:2,6
okay 5:1 8:4,8,14,21
  9:11
older 8:11,13
one 3:11 4:13 5:21
  14:12
ones 3:24
opportunity 6:17
orders 14:4
originally 1:22
other 4:18 5:10,15 8:5
  8:14 9:2 11:13
others 11:20
otherwise 5:7
out 3:18
out-of-pocket 13:8
over 5:3,21
ownership 10:8
owns 9:17

**P**
parties 10:20 14:13
party 16:15
past 7:4,8
pending 3:12
Pinales 1:19 2:18
piracy 3:18
place 13:14
plaintiffs 1:6,15 2:2
  4:13
play 13:1
please 4:14 6:2,8
point 6:7
possible 5:14
preparing 6:12
presence 16:11
PRESENT 2:22
prior 7:14
privilege 10:22 12:17
probably 6:10
Procedure 1:17
proceeding 4:22
proceedings 3:25
process 5:3
productive 12:11

propriety 3:24 13:6,6
Public 1:18 16:4 17:6
publications 9:6,8
pursuant 1:16
put 12:7

**Q**
qualified 16:5
question 5:22,25 6:25
  8:15 9:20,25 10:5,11
  12:1
questions 5:8 10:24
  11:2 12:8,9,15

**R**
R 7:25 10:21
Race 2:20
reason 7:10
receipt 14:12
record 4:15 5:11,20
  6:12 10:15,20 12:7
  13:15 14:5,10
reduced 16:10,12
refer 3:22
refusing 12:19,20,23
regarding 12:17
related 8:16 10:24 11:2
relative 16:15
released 14:4
rephrase 6:3
reporter 5:10 6:11
reporting 16:17
representation 12:10
respectfully 9:19,24
  10:4,10
responded 3:18
response 5:14
review 6:14 7:15 8:15
reviewed 8:20
right 3:24 13:2
rights 3:2,21 7:16 8:18
  9:12,21 10:1,6,12
  12:1,21,24
Rogers 3:22
Rudd 1:17 16:3 17:5
Rule 16:19
rules 1:16 5:4

**S**
s 2:9 3:23 10:21
Schwartz 1:19 2:18
Scime 2:3
seal 17:2
second 2:10 10:15
seldom 8:25
semantics 13:2
sent 14:11
set 17:1

several 12:14
Since 9:10
sir 4:18 7:21
Sirkin 1:19 2:18,19 3:1
  11:21 12:11,20 13:1
  13:10,17,19 14:3,17
Sirkin's 14:11
sitting 6:11
Smith 2:13
some 3:8
son 7:20 8:5,22
sons 7:21 11:8
speak 8:21,24 9:1
speculate 13:15
spell 4:14 11:23
spoke 7:19
Sr 1:14 4:4 10:21 15:1
  16:7
SS 16:2
Stagliano 3:14,17
stance 12:16
stand 9:5
State 1:18 16:1,4 17:6
States 1:1 3:23 14:1
status 11:17,20
stenographically 16:11
stipulated 12:5 14:15
  14:16,17
Street 1:20 2:15,20
Suite 1:20 2:5,15
supplied 3:16
sure 6:6 10:16
surprise 13:20
swear 4:3
sworn 4:6 16:8

**T**
T 4:16 11:24
take 6:5,7 9:11 13:9,12
taken 1:17 4:21 7:3,7
talk 5:21
talking 5:18
tell 3:11
tend 4:1 9:14 10:11
testify 9:14 11:16 16:8
testimony 7:5,11 15:3
  16:10
their 7:23
Theresa 2:23
think 12:5
through 1:11
time 6:7 7:19
today 5:18 6:23 7:5,11
  7:14 8:16 10:23
  12:16 14:1
today's 14:11
told 13:15
Tower 2:20

transcribing 5:12
transcript 6:12,14,19
  6:23 14:10,15
transcription 15:3
travel 13:7,18
true 15:2
truth 16:8,8,9
try 5:13,21,22 6:3
two 6:6 7:22 13:18
typewriting 16:13

**U**
uh-huh 5:12
uh-uh 5:12
under 3:2 8:18,19 9:12
  12:21,24 16:18
understand 5:8,17 6:1
  6:2,14,20,22,25 8:1,3
  8:4 9:16,18 11:5,10
  13:17
understanding 10:23
  11:1,16
United 1:1 3:22 14:1
Unless 5:6
use 6:24
using 5:15

**V**
vague 9:9
veracity 6:25
verbal 5:7
verbalize 5:14
versus 3:22
Very 8:25
VIDEO 1:4
violates 9:21
vis-a-vis 11:17
vs 1:7

**W**
W 2:4,10
want 6:5,3
week 14:12
well 9:16 11:18 12:23
  13:10
West 1:19 2:20
WHEREOF 17:1
whole 16:8
witness 1:14 2:17 4:5
  9:10 16:12 17:1
words 5:10,12,15
worth 12:14
writing 16:11

**Y**
Y 4:16,16
years 4:23
York 2:6

Flynt, Larry C., et al. v. Flynt Media Corporation, etc., et al.                              Jimmy Flynt, Sr.

Page 3

**younger** 8:12

**1**

1 1:11
10 1:11
105 1:19 2:20
120 2:5
1200 2:15
14202 2:6
1631 2:10

**2**

2:09-CV-00048-AH...
  1:7
2009 1:21 17:3
221 2:15
24 7:4,8
27 1:21
28(D) 16:19

**4**

42 2:5
438 3:23
45202 2:21

**5**

5-21-2012 17:6

**7**

71 3:23

**8**

8:46 1:21

**9**

9:07 14:19
90012 2:16
90026 2:11
920 1:20 2:20

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:                                          CASE NO. 1:09 -mc-00043
    JIMMY FLYNT, SR.                        (HOGAN, M. J.)

## ORDER

A case is pending in the United States District Court for the Central District of California, in which the Flynt Brothers, Larry and Jimmy, Sr., have an interest. In that case, Larry claims that Jimmy, Sr.'s two sons, Jimmy II and Dustin, and their corporation used the Flynt name and trademark without permission. A subpoena was issued from this District compelling Jimmy Flynt, Sr. to be deposed. Jimmy Flynt, Sr. appeared for his deposition, but invoked the protection of the Fifth Amendment to multiple questions. Jimmy, Sr.'s fear is that by testifying freely, he will provide information to prosecutors which will assist them in prosecuting him for violations of obscenity laws. This behavior set the stage for the filing of two Motions, the first is Larry's Motion to Disqualify H. Louis Sirkin, Esq. from representing Jimmy, Sr. at the deposition, and the second is Larry's Motion for Jimmy Sr. to show cause why he should not be held in contempt. We decline to order H. Louis Sirkin removed as counsel for the purpose for which he was retained and we decline to require Jimmy, Sr. to show cause, but we do order the rescheduling of Jimmy, Sr.'s deposition.

## THE MOTION TO DISQUALIFY

Larry Flynt, a plaintiff is this case, has established, and it is common knowledge, that Mr. Sirkin has been his lawyer and the lawyer for his various companies, including "Hustler Hollywood" for years, and currently represents "Hustler Hollywood," a limited liability company in which Larry Flynt has an interest, in a case pending in a Kentucky Appeals Court. Plaintiffs assert that Mr. Sirkin cannot serve as Jimmy, Sr.'s counsel because Rule 1.7, Ohio Rules of Professional Conduct, precludes such service. Simply stated, Plaintiffs say that Mr. Sirkin cannot serve as counsel for Jimmy, Sr. because Jimmy, Sr.'s interest is adverse to that of Larry.

It is, perhaps, ironic that Mr. Sirkin was asked by counsel for Plaintiffs to accept service of the deposition subpoena on behalf of Jimmy, Sr.  In any event, Mr. Sirkin has filed no formal response, but has orally informed this Court that he was called into service at the last minute, had little time to prepare for the deposition in question and that the scope of his representation was restricted to advising Jimmy, Sr. on his Fifth Amendment rights.  In short, Mr. Sirkin's argument is that in so advising Jimmy, Sr., he took no stance adverse to Larry.

Subsequently, counsel for Plaintiffs has provided a list of topics upon which he wishes to question Jimmy, Sr.  The Count has reviewed that document and observes that not all the questions call for privileged information.  In addition, we believe that Mr. Sirkin has the skill and experience necessary to advise Jimmy, Sr. without compromising any interest of Larry's.  If Mr. Sirkin does assert any position adverse to Larry during Jimmy, Sr.'s deposition, the Court will intervene if and when put on notice.  The Motion to Disqualify H. Louis Sirkin Esq. is denied.

### THE MOTION TO SHOW CAUSE

The deposition of Jimmy, Sr. was terminated, not by Jimmy, Sr. or his lawyer, but by Plaintiffs.  While Jimmy, Sr. may have been ill advised to assert his Fifth Amendment Right as frequently as he did, he complied with the directive of the subpoena and did appear for his deposition.  No Court Order was sought compelling Jimmy, Sr. to answer any question over his Fifth Amendment objection in compliance with Rule 37, Federal Rules of Civil Procedure. Under the circumstances, we do not believe that contempt is the proper remedy.  On the other hand, Plaintiffs have been deprived of information which they are entitled to receive.

The correct procedure, it seems to us, is to reschedule the deposition of Jimmy, Sr., not by notice, but by agreement of counsel.  Jimmy, Sr.'s counsel can assert his Fifth Amendment privilege where applicable and any disputes may be resolved by a telephonic conference with the supervising Magistrate Judge.  Should the privilege be improperly asserted, the deponent will be ordered to answer, and likely found in contempt if he refuses.  It would save time if counsel for Plaintiffs would provide a list of topics upon which he wishes to depose Jimmy, Sr., and counsel for Jimmy, Sr. would be prepared to make a specific argument why his client believes that prosecution has begun, is probable or possible.  Counsel for Plaintiffs may want to consider how to avoid any Fifth Amendment issue by seeking other ways to obtain the same information.

The Court also orders the parties to this dispute to disclose the date and time for Jimmy, Sr.'s rescheduled deposition so that time may be allocated to rule on the propriety of Jimmy, Sr.'s invocation of the Fifth Amendment privilege, if necessary.

IT IS SO ORDERED.

October 1, 2009

Timothy S. Hogan
United States Magistrate Judge