PAUL J. CAMBRIA, JR., ESQ. (State Bar No. 177957)
JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
pcambria@lglaw.com;  jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
RICHARD W. LABOWE, Esq. (State Bar No. 105905)
LABOWE, LABOWE & HOFFMAN, LLP
1631 West Beverly Boulevard, Second Floor
Los Angeles, California 90026-5746
(213) 250-9800
Facsimile No: (213) 975-1145
mshllh@aol.com;  llhlaw1631@aol.com

Attorneys for Plaintiffs Larry C. Flynt, LFP Video Group, LLC, and LFP IP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LARRY C. FLYNT, LFP VIDEO GROUP, LLC, and LFP IP, LLC,**<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>**FLYNT MEDIA CORPORATION,** a Delaware Corporation; **JIMMY FLYNT, II; DUSTIN FLYNT;** and DOES 1 through 10 inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:09-cv-00048-AHM-RZx<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND DEFENDANTS' TRIAL WITNESS LIST AND JOINT EXHIBIT LIST** |

1

# I. INTRODUCTION/BACKGROUND

Prior to this motion, Defendants had never identified Jimmy Flynt Sr. as a witness, much less a trial witness in this case. Jimmy Flynt, Sr., did not appear on Defendants' Rule 26 disclosures, nor have they ever attempted to supplement or amend their Rule 26 disclosures for purposes of adding him as a witness for Defendants.

As the Court is aware, this case was originally scheduled for trial in July of 2009. As part of their pre-trial procedures, the parties submitted to the Court their joint exhibit list and witness lists. Defendants did not include Jimmy Flynt, Sr. as a witness, nor did they disclose the document(s) that they would now like to add as an exhibit. Indeed, the exhibit that Defendants would now like to add was not produced until after discovery closed and the day before Jimmy Flynt, Sr.'s second deposition commenced on October 21, 2009 (the "Second Deposition").

Jimmy Flynt, Sr. appeared for his first deposition on April 27, 2009, yet refused to answer questions based on alleged Fifth Amendment rights.[1] When it became apparent that he would not provide substantive responses to the questions asked of him from both counsel for both Plaintiffs and Defendants, the deposition was suspended. Given Jimmy Flynt, Sr.'s relationship to the parties of this case, it

---

[1] Alleged Fifth Amendment rights that were not raised at all at the Second Deposition.

2

was assumed that he may have knowledge relevant to the issues before the Court. Accordingly Plaintiffs pursued the Second Deposition of Jimmy Flynt Sr. Plaintiffs brought a motion before the United States District Court for the Southern District of Ohio (the "Ohio District Court"), and eventually the Ohio District Court issued an order compelling Jimmy Flynt, Sr.'s testify at a second deposition. Defendants did not join in Plaintiffs' motion to compel Jimmy Flynt Sr.'s deposition.

At the Second Deposition, Jimmy Flynt, Sr. denied any involvement with, or knowledge of, his son's "Flynt Media Corporation" or Defendants' selection of the FLYNT mark. Given Jimmy Flynt, Sr.'s testimony and his claim that he did not know his sons were setting up a company to compete in the adult DVD market, Plaintiffs have determined that any testimony he would provide in their case-in-chief would be duplicative of the testimony of other witness and would constitute an undue consumption of time. Accordingly, despite being identified by Plaintiffs per Rule 26 and in Plaintiffs' witness list, Plaintiffs do not intend to call him as a witness.

On the eve of trial, Defendants wish to amend their witness to include Jimmy Flynt, Sr. There is simply no excuse for Defendants' delay in identifying their father as a witness to their case-in-chief, and their motion must be denied.

3

## II.  ARGUMENT

### A.  Defendants Have Failed to Offer Substantial Justification for Their Failure to Disclose Jimmy Flynt, Sr. as a Witness for Defendants

Defendants failed to disclose their father, Jimmy Flynt Sr., as part of their Rule 26 disclosures or any subsequent amendments thereto.  Now, Defendants seek to circumvent Rule 26, Rule 37 and Local Rule 16-5 under the pretense of including Jimmy Flynt Sr. to their witness list an as "impeachment witness."  The Federal Rules of Civil Procedure <u>expressly prohibit a party from using an undisclosed witness at trial</u>, unless the failure disclose the witness is "substantially justified or is harmless." FRCP 37(c)(1). Importantly, "(t)he burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure." <u>Green v. Baca</u>, 226 F.R.D. 624, 655 (C.D. Cal 2005) *quoting*, <u>Hirpa v. IHC Hospitals, Inc.</u>, 149 F.Supp.2d 1289, 1295 (D.Utah 2001).  Here, Defendants have failed to prove that their failure to identify their father as a material witness is substantially justified or harmless; therefore, their motion must be denied. <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1107 (9th Cir. 2001).

Defendants offer no justification – let alone substantial justification – for their failure to disclose Jimmy Flynt, Sr. in their Rule 26 disclosures.  Here, Jimmy Flynt Sr. is the father of the individual defendants and is Larry Flynt's brother.

4

Unquestionably, he is well known to both parties. Despite being well-known to the Defendants, they did not include Jimmy Flynt, Sr. in their Rule 26 disclosures or in their trial witness list on file in this action. Simply put, Defendants are unjustifiably late in identifying Jimmy Flynt, Sr. as a witness for the Defendants' case-in-chief.

From the outset of this litigation, Defendants have known or should have known Jimmy Flynt Sr. was a potential witness in this case. He is the Defendants' father, and the Plaintiffs' identified him as a potential witness in their initial Rule 26 disclosures. Defendants have had ample opportunities to amend their witness disclosures and include Jimmy Flynt Sr. as a witness, yet they failed to do so.

**B. Plaintiffs Will Suffer Prejudice if Defendants are Allowed to Amend Their Witness List and the Joint Exhibit List**

Defendants' only explanation for their last minute disclosure, that "Mr. Flynt has now answered substantive questions relevant to this case," demonstrates the prejudice Plaintiffs' will suffer. On the eve of trial, Defendants are moving to include a witness that is purported to offer "substantive" testimony on the issues in this case. However, since the Defendants failed to list Jimmy Flynt Sr. in their Rule 26 disclosures, Plaintiffs still do not know the scope or purpose of this testimony.

The prejudice to Plaintiffs is that they relied on Defendants' Rule 26 disclosures in taking depositions and directing discovery to Defendants.[2] Plaintiffs did not know Defendants intended to call Jimmy Flynt Sr. as a material witness to their case-in-chief. Indeed, during the discovery process, Defendants originally sought to take Jimmy Flynt, Sr.'s deposition, but then decided against it, prompting Plaintiffs to pursue the deposition. If Plaintiffs had known that Defendants intended to call Jimmy Flynt Sr. as part of their case-in-chief, Plaintiffs would have performed an additional investigation, asked additional questions of him, and performed additional discovery as to any contentions made by Defendants.

In addition, the document that Defendants' seek to introduce into evidence was not disclosed until the day before of the Jimmy Flynt, Sr.'s deposition on October 21, 2009, many months after the original non-expert discovery cut-off of May 4, 2009. If Defendants intended to use such documents, they should have been produced during Jimmy Flynt, Sr.'s first deposition and prior to the discovery cut-off.

Moreover, none of Jimmy Flynt's anticipated testimony is relevant to this case. Plaintiffs acknowledge that he was a long-time employee of Larry Flynt Publications ("LFP") and its related companies, and that he developed one

---

[2] Rule 26 provides that a party must identify the witness with discoverable information and "the subjects of that information."

marketing slogan utilized by the Hustler Hollywood chain of adult retail stores (the "Relax… It's Just Sex" slogan). This anticipated testimony is not remotely relevant to the central issues in this trial—trademark infringement; unfair competition; and a violation of Larry Flynt's right of privacy/publicity.

Defendants' theory that their last-minute disclosure is "harmless" because Plaintiffs listed Jimmy Flynt, Sr. on their Rule 26(a) submission is wholly without merit. Plaintiffs listed Jimmy Flynt, Sr. on their Rule 26(a) disclosure because they believed that he had knowledge of his sons' formation of Defendant Flynt Media Corporation and the use of the FLYNT mark and name. However, during his deposition, he claimed that he had no such knowledge. *See*, p. 11, 12, 13, 16 and 17 of Exhibit "C" to Hamilton Declaration. Since Jimmy Flynt, Sr. claims to have no knowledge of issues relevant to this case, save for perhaps the fame of Larry Flynt, Plaintiffs chose not to call him as a witness as Defendants have already stipulated that Plaintiff Larry Flynt is indeed famous.

It is manifestly unfair for Defendants to be allowed to call Jimmy Flynt Sr. as a witness for their case in-chief. Any witness with knowledge in support of Defendants' claims and defenses – especially those the Defendants considered calling at trial – <u>should have been disclosed in Defendants' initial Rule 26 disclosures or in amendments thereto a long time ago</u>. Therefore, Defendants should be precluded from calling Jimmy Flynt Sr. as a trial witness.

Lastly, Defendants disingenuously argue that they wish to include Jimmy Flynt Sr. as an impeachment witness. Surely, Defendants know that impeachment witnesses do not need to be identified, and can be called without prior disclosure. It is premature to determine if Jimmy Flynt Sr. can testify as an impeachment witness, because at this point, there is no testimony to be impeached.

### III.  CONCLUSION

For all the reasons set forth above, Defendants' instant motion should be denied in its entirety.

DATED: November 23, 2009          LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/ Jonathan W. Brown
    Jonathan W. Brown
    Attorneys for Plaintiffs