Daniel C. DeCarlo, SB# 160307
    E-mail: decarlo@lbbslaw.com
Mina I. Hamilton, SB# 213917
    E-Mail: hamilton@lbbslaw.com
Daniel R. Lewis, SB # 260106
    E-Mail: drlewis@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

James D. Boyle, Esq. (Nevada Bar No. 08384)
Kimberly J. Cooper, Esq. (Nevada Bar No. 09533)
SANTORO, DRIGGS, WALCH, KEARNEY,
    HOLLEY & THOMPSON
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  702.791.0308
Fax No.:  702.791.1912
E-Mail:   jboyle@nevadafirm.com
          kcooper@nevadafirm.com

Admitted Pro Hac Vice

Attorneys for Defendants
Flynt Media Corporation; Jimmy Flynt, II; Dustin Flynt

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. FLYNT; LFP VIDEO GROUP, LLC; and LFP IP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FLYNT MEDIA CORPORATION, a Delaware Corporation; JIMMY FLYNT, II; DUSTIN FLYNT; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:09-cv-00048 AHM (RZx) <br><br> Hon. A. Howard Matz <br><br> **JOINT DISPUTED SET** OF JURY INSTRUCTIONS AND VERDICT FORMS [11/23/09] <br><br> PTC:  November 23, 2009 <br><br> Trial:  December 8, 2009 |

Plaintiffs LARRY C. FLYNT, LFP VIDEO GROUP, LLC, and LFP IP, LLC, and Defendants FLYNT MEDIA CORPORATION, JIMMY FLYNT, II, and DUSTIN FLYNT hereby submit the following disputed set of jury instructions and verdict forms, and statements of objections per the Court's Scheduling and Case Management Order.

| **Number** | **Title** | **Source** | **Page Number** |
|---|---|---|---|
| **Claim 1: Infringement of Plaintiffs' Unregistered Trademark** | | | |
| No. 29 | Preliminary Instruction-Trademark [Proposed by Plaintiffs] | 9th Cir. Model Civil Instructions (2007)("9th Cir.") 15.0 | 4-6 |
| No. 29 | Statement of Objection by Defendants | 9th 15.0 | 7 |
| No. 29A | Alternative Proposed by Defendants | 9th 15.0 | 8-9 |
| No. 38 | Trademark-Likelihood of Confusion-Marketing Goods on the Internet [Proposed by Plaintiffs] | Cases. | 10 |
| No. 38 | Statement of Objection by Defendants | 9th 15.16 | 11 |
| No. 44 | Trademarks Rights in Elements of a Composite Mark (Special) [Proposed by Defendants] | Case law; Court's MSJ Ruling. | 12-13 |
| No. 44 | Statement of Objection by Plaintiffs | Case law. | 14 |
| No. 44 | Alternative Proposed by Plaintiffs | Case law | 15-16 |
| No. 44 | Statement of Objection by Defendants to Alternative Proposed by Plaintiffs | Case law | 17 |

| Claim 2: False Endorsement | | | |
|---|---|---|---|
| No. 40 | Likelihood of Confusion Factors-False Endorsement [Proposed by Plaintiffs] | Case law | 18-19 |
| No. 40 | Statement of Objection by Defendants | 15 U.S.C. 1125(a); Case law. | 20 |
| No. 40A | Alternative Proposed by Defendants | 15 U.S.C. 1125(a); Case law. | 21-22 |
| Claim 3: Federal Unfair Competition/Common Law Trademark/Unfair Competition | | | |
| No. 45 | Unfair Competition [Proposed by Plaintiffs] | | 23 |
| No. 45 | Statement of Objection by Defendants | | 24 |
| Other Specials/Verdict Forms | | | |
| No. 46 | Survey Evidence [Proposed by Plaintiffs] | | 25 |
| No. 46 | Statement of Objection by Defendants | | 26 |
| VF | Plaintiffs Verdict Form | | 27-34 |
| VF | Statement of Objection by Defendants | | 35-48 |
| VF | Defendants' Verdict Form | | 49-55 |

### NO. 29 [Proposed by Plaintiffs][1]
### PRELIMINARY INSTRUCTION – TRADEMARK

The Plaintiffs, Larry C. Flynt, LFP Video Group, LLC, and LFP IP, LLC (collectively referred to as "the Plaintiffs"), seek injunctive relief against the Defendants, Flynt Media Corporation, Jimmy Flynt, II, and Dustin Flynt (collectively referred to as "Flynt Media"), for infringement of an unregistered trademark, false endorsement, unfair competition, violating Plaintiff Larry Flynt's right of publicity and wrongful appropriation of Plaintiff Larry Flynt's name. The Defendants deny these allegations. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF A TRADEMARK

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

### HOW A TRADEMARK IS OBTAINED

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace. Rights in a trademark are obtained only through commercial use of the mark.

### TRADEMARK INTERESTS

The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee. An assignee

---

[1]     In this joint set of disputed instructions, the proposed instruction is given first with the disputed language underlined. The statement of objection, an alternate proposed instruction, then a counter-statement of objection, if any, follows.

has the right to exclude others from using the trademark. To be enforceable, the assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark.

The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A trademark owner may enforce the right to exclude others in an action for infringement, unfair competition or false endorsement.

## TRADEMARK REGISTRATION

Once the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods specified in the certificate.

In this case, Plaintiff LFP IP, LLC has filed a trademark application with the United States Patent and Trademark Office for the mark LARRY FLYNT, but the registration process has not been completed as of this date. However, the United States Patent and Trademark Office has approved of the trademark application for LARRY FLYNT, and has published the mark for opposition, as is required during the trademark application process.

## THE PLAINTIFFS' BURDEN OF PROOF

In this case, the Plaintiffs contend that the Defendants have infringed Plaintiffs' trademark. The Plaintiffs have the burden of proving by a preponderance of the evidence that the Plaintiffs are the owners of a valid trademark and that the Defendants infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the Defendants infringed the Plaintiffs' trademark.

**CITATION OF AUTHORITY**: *Ninth Circuit Manual of Model Jury Instructions*, §15.0 [modified].

**STATEMENT OF OBJECTION TO PLAINTIFFS' NO. 29**

DEFENDANTS CONTEND THAT THIS INSTRUCTION IMPROPERLY MODIFIES THE MODEL. FIRST, THE OPENING PARAGRAPH ADDS CLAIMS THAT ARE NOT PART OF THE MODEL (AND ARE COVERED BY OTHER INSTRUCTIONS, WHERE NECESSARY). AS THE COMMENTS TO *NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS*, §15.0 STATE: "A TRADEMARK INFRINGEMENT CASE CAN BE BROUGHT UNDER THREE DIFFERENT CAUSES OF ACTION: (1) STATUTORY TRADEMARK INFRINGEMENT, (2) COMMON LAW TRADEMARK INFRINGEMENT, AND (3) UNFAIR COMPETITION." THE OTHER THEORIES (E.G., RIGHT OF PUBLICITY) ARE INAPPROPRIATELY REFERENCED HERE.

ALSO, THE ENTIRE TRADEMARK REGISTRATION SECTION SHOULD BE OMITTED BECAUSE PLAINTIFFS DO NOT ALLEGE INFRINGEMENT OF ANY REGISTERED MARK. FURTHER, THIS INSTRUCTION ADDS AN ENTIRE PARAGRAPH TO THE MODEL UNDER THAT SECTION. REFERENCE TO A PENDING APPLICATION IS IRRELEVANT, PREJUDICIAL, AND CONFUSING TO THE JURY. DEFENDANTS' VERSION OF THIS INSTRUCTION (NO. 29A) MORE ACCURATELY REFLECTS THE MODEL. SEE, *NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS*, §15.0 AND COMMENTS.

### NO. 29A [Proposed by Defendants[2]]
### PRELIMINARY INSTRUCTION – TRADEMARK

The Plaintiffs, Larry C. Flynt, LFP Video Group, LLC, and LFP IP, LLC (collectively referred to as "the Plaintiffs"), seek **[injunctive relief]** against the Defendants, **[Flynt Media Corporation, Jimmy Flynt, II, and Dustin Flynt (collectively referred to as "Defendants")]**, for **[infringement of an unregistered trademark(s) and unfair competition]**. Defendants deny **[infringing the trademark(s) and unfairly competing]** and **[contend that Plaintiffs have no valid trademark rights in the names "LARRY FLYNT" and/or "FLYNT"]**. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF A TRADEMARK

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

### HOW A TRADEMARK IS OBTAINED

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace. Rights in a trademark are obtained only through commercial use of the mark. The owner of a trademark has the right to exclude others unless the trademark has been abandoned.

### TRADEMARK INTERESTS

The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee. An assignee has the right to exclude others from using the trademark. To be enforceable, the

---

[2]      The bracketed and bolded text show modified portions of the Model instruction, with insertions generally being those suggested by the Model.

assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark.

The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A trademark owner may enforce the right to exclude others in an action for **[infringement or unfair competition.]**

### THE PLAINTIFFS' BURDEN OF PROOF

In this case, the Plaintiffs contend that the Defendants have infringed Plaintiffs' trademark. The Plaintiffs have the burden of proving by a preponderance of the evidence that the Plaintiffs are the owners of a valid trademark and that the Defendants infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the Defendants infringed the Plaintiffs' trademark.

**CITATION OF AUTHORITY**: *Ninth Circuit Manual of Model Jury Instructions*, §15.0 [modified].

**NO. 38** [Proposed by Plaintiffs]

## TRADEMARK –LIKELIHOOD OF CONFUSION - MARKETING GOODS ON THE INTERNET

In the case of a defendant's marketing its subject goods on the Internet, the three most important factors in evaluating the likelihood of confusion are: (1) the similarity of the marks; (2) the relatedness of the goods and services, and (3) the parties' simultaneous use of the web as a marketing channel.

**CITATION OF AUTHORITY**: *Perfumebay.com, Inc. v. eBay, Inc.*, 506 F.3d 1165, 1173 (9th Cir. 2007); *See also Internet Specialties West, Inc. v. Milon-DiGriorgio Enterprises, Inc.* 559 F.3d 985, 990 (9th Cir. 2009).

**STATEMENT OF OBJECTION TO PLAINTIFFS' NO. 38**

THIS IS A MODIFIED VERSION OF THE *SLEEKCRAFT* FACTORS WHICH ARE ALREADY DEALT WITH IN THE MODEL INSTRUCTIONS (9th CIR. MODEL 15.16), NO. 37 IN THE AGREED TO SET.

SIGNIFICANTLY, THE ALLEGED INFRINGEMENT IN THIS CASE IS NOT LIMITED TO INTERNET MARKETING, SO THIS INSTRUCTION WOULD NECESSITATE THE JURY HAVING TO APPLY A DIFFERENT ANALYSIS FOR THE DEFENDANTS' INTERNET MARKETING VERSUS THE OTHER ACCUSED MARKETING, AND THUS IS UNNECESSARILY CONFUSING. THIS IS NOT, LIKE THE CASES CITED BY PLAINTIFFS, SOLELY AN INTERNET MARKETING CASE.

**NO. 44** (Special Instruction Proposed by Defendants]

**Trademarks Rights in Elements of a Composite Mark**

Ownership of a trademark depends on priority of use. [AUTHORITY-SENGOKO WORKS LTD. V. RMC INT'L, LTD., 96 F.3D 1217, 1219 (9TH CIR. 1996)("..THE PARTY CLAIMING OWNERSHIP MUST HAVE BEEN THE FIRST TO ACTUALLY USE THE MARK IN THE SALE OF GOODS AND SERVICES.")]. As you have been previously instructed, rights in a trademark are obtained only through commercial use of the mark. [AUTHORITY- MODEL INSTRUCTION 15.0]

Plaintiffs contend that they have rights in the trademarks "FLYNT" and "LARRY FLYNT" because they were the first ones to make commercial use of those marks. Plaintiffs contend that their use of titles such as "Larry Flynt's Private Collection" on adult DVDs or in connection with adult entertainment products establish trademark rights in the separate marks "FLYNT" and "LARRY FLYNT".

Defendants, on the other hand, contend that Plaintiffs have not used "FLYNT" or "LARRY FLYNT" as stand-alone trademarks, and therefore have not obtained trademark rights in those marks. Defendants contend that the use of Larry Flynt's name in such titles as "Larry Flynt's Private Collection" is simply use of Larry Flynt's name to endorse the products, not trademark use.

In order to determine if Plaintiffs have trademark rights in "FLYNT" and "LARRY FLYNT", I will now instruct you on the law regarding composite marks.

A "composite mark" results from the combination of two or more elements into a single mark. [AUTHORITY- 2 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 11:26 (4th ED. 2009)("MCCARTHY")].

The standard for determining whether an element of a composite mark qualifies for separate trademark protection is whether it "creates a commercial

impression separate and apart from other material appearing with it."
[MCCARTHY, § 19:59].

However, "The commercial impression of a trademark is derived from it as a whole, not from its elements separated and considered in detail. For this reason, it should be considered in its entirety. . . ." [AUTHORITY - <u>ESTATE OF P. D. BECKWITH, INC. V. COMMISSIONER OF PATENTS</u>, 252 U.S. 538, 545-46 (1920); <u>CALIFORNIA COOLER, INC. V. LORETTO WINERY, LTD</u>., 774 F.2D 1451, 1455 (9TH CIR. CAL. 1985)("IT IS THE LIKELY REACTION OF CUSTOMERS TO THE TOTAL MARK THAT IS AT ISSUE", CITING ESTATE OF P.D., *SUPRA*].

Therefore, in deciding whether FLYNT or LARRY FLYNT qualify for trademark protection, you should consider the entirety of the composite marks, for example, LARRY FLYNT'S PRIVATE COLLECTION, or other composite marks in which FLYNT or LARRY FLYNT appear, and determine if the elements FLYNT or LARRY FLYNT create an impression separate and apart from the other material appearing with it.

**STATEMENT OF OBJECTION TO DEFENDANTS' NO. 44A**

PLAINTIFFS OBJECT TO DEFENDANTS' PROPOSED INSTRUCTION ON THE FOLLOWING GROUNDS: (1) IT IS LIKELY TO CONFUSE THE JURY; AND (2) IT MISTATES THE LAW. PLAINTIFFS ALSO NOTE THAT THIS TOPIC WAS THE SUBJECT OF DEFENDANTS' SUMMARY JUDGEMENT MOTION.

IN THIS CASE, PLAINTIFFS CONTEND THAT THE TERMS "LARRY FLYNT" AND "FLYNT" CREATE SEPARATE AND DISTINCT COMMERCIAL IMPRESSIONS WHICH INDICATE THE SOURCE OF PLAINTIFFS' ADULT MOTION PICTURES AND DVDS APART FROM THE REMAINING WORDS AND DESIGN ELEMENTS. [*In re Big Pig, Inc.*, 81 U.S.P.Q.2d 1436, 1440 (TTAB 2006)]. PLAINTIFFS CONTEND THAT WORDS ON THEIR DVD BOX COVERS SUCH AS "PRESENTS", "PRIVATE COLLECTION" and "POWERED BY" DO <u>NOT</u> ACT AS A SOURCE IDENTIFIER [within the meaning of 15 U.S.C. § 1127]; RATHER THE NAMES "LARRY FLYNT" AND "FLYNT" ACT AS THE SOURCE IDENTIFIER FOR THE DVD PRODUCTS/ADULT MOTION PICTURES AT ISSUE [See *McCarthy on Trademarks* § 3:3]. WORDS SUCH AS "PRESENTS", "PRIVATE COLLECTION" AND "POWERED BY" ARE DESCRIPTIVE IN NATURE. ALSO, IF THE JURY FINDS THAT THE PLAINTIFFS' MARK(S) ARE COMPOSITE MARK(S), THEY SHOULD ALSO BE INSTRUCTED THAT THIS DOES NOT ELIMINATE THE POSSIBILITY OF CONFUSION AS THE JURY MUST CONSIDER THE MARK, WHETHER COMPOSITE OR NOT, WHEN CONSIDERING THE ISSUE OF LIKELIHOOD OF CONFUSION.

**NO. 44** (ALTERNATIVE Special Instruction Proposed by PLAINTIFFS]

### Trademarks Rights in Elements of a Composite Mark

As you have been previously instructed, rights in a trademark are obtained only through commercial use of the mark.  Plaintiffs contend that they have rights in the trademarks "FLYNT" and "LARRY FLYNT" because they were the first ones to make commercial use of those marks.

Plaintiffs contend that the terms LARRY FLYNT and FLYNT create a separate and distinct commercial impression which indicates the source of plaintiffs' goods apart from the remaining words and design elements. [In re Big Pig, Inc., 81 U.S.P.Q.2d 1436, 1440 (TTAB 2006)]  In other words, Plaintiffs contend that words on their DVD box covers such as "presents", "private collection" and "powered by" do not act as an indication of source; rather, the names LARRY FLYNT and FLYNT are what act as a source identifier for the DVD products at issue.  [See McCarthy § 3:3]

Defendants, on the other hand, contend that Plaintiffs have not used "FLYNT" or "LARRY FLYNT" as stand-alone trademarks, and therefore have not obtained trademark rights in those stand-alone marks.

In order to determine if Plaintiffs have trademark rights in "FLYNT" and "LARRY FLYNT", I will now instruct you on the law regarding composite marks.

A "composite mark" results from the combination of two or more elements into a single mark.

The standard for determining whether an element of a composite mark qualifies for separate trademark protection is whether it "creates a commercial impression separate and apart from other material appearing with it."

Plaintiffs contend that words such as "presents", "private collection" and "powered by" are descriptive in nature.  As discussed previously, a descriptive term directly identifies or describes some aspect, characteristic, or quality of the

product to which they are affixed in a straightforward way that requires no exercise of imagination to be understood.

Therefore, in deciding whether FLYNT or LARRY FLYNT qualify for trademark protection, you should consider the entirety of the composite marks, for example, LARRY FLYNT'S PRIVATE COLLECTION, or other composite marks in which FLYNT or LARRY FLYNT appear, and determine if the elements FLYNT or LARRY FLYNT create an impression separate and apart from the other material appearing with it. You may consider the differences in color, type style, and size of the words in determining whether the terms LARRY FLYNT and/or FLYNT stand out from the remaining words and design element. [In re Big Pig, Inc., 81 U.S.P.Q.2d 1436, 1440 (TTAB 2006)].

You must decide whether a composite mark exists in this instance. Regardless of whether you find a composite mark or not, you must consider the mark(s) at issue and whether or not the likelihood of confusion exists in this instance.

## STATEMENT OF OBJECTION TO PLAINTIFFS' ALTERNATIVE NO. 44

DEFENDANTS OBJECT TO THIS ALTERNATIVE INSTRUCTION AS IT INTRODUCES THE CONCEPT OF A "SEPARATE AND DISTINCT COMMERCIAL IMPRESSION" BEFORE INTRODUCING THE DEFINITION OF "COMPOSITE MARKS" OR THE REASON THE CONCEPT IS NECESSARY IN THIS CASE, SO IT IS CONFUSING.

IT ALSO LEAVES OUT THE IMPORTANT CONCEPT THAT TRADEMARKS MUST BE CONSIDERED IN THEIR ENTIRETY TO EVALUATE COMMERCIAL IMPRESSION.

DEFENDANTS' PROPOSED INSTRUCTION FOLLOWS THE COURT'S ANALYSIS ON THE MOTION FOR SUMMARY JUDGMENT MORE ACCURATELY.

THE INSTRUCTION ALSO IMPROPERLY IMPLIES THAT A COMPOSITE MARK MAY NOT BE AT ISSUE AT ALL, WHEN IT CLEARLY IS AT ISSUE. THERE IS NO DISPUTE THAT "FLYNT" AND "LARRY FLYNT" IN THIS CASE HAVE BEEN USED BY PLAINTIFFS PRIOR TO DEFENDANTS ONLY WHEN IN COMBINATION WITH OTHER MATERIAL (E.G., "POWERED BY LARRY FLYNT").

**NO. 40** [Proposed by Plaintiffs]

**LIKELIHOOD OF CONFUSION FACTORS – FALSE ENDORSEMENT**

**FALSE ENDORSEMENT**

In addition to Plaintiffs' claim of trademark infringement, Plaintiffs also bring a claim of false endorsement against the Defendants.  Under a claim of false endorsement, Plaintiffs have the <u>burden of showing</u> that Defendants engaged in a false or misleading description or representation of a fact that would <u>create confusion</u> or deceive ordinary consumers as to the affiliation, connection, association, sponsorship, approval or source of Defendants' goods, services, or other commercial activity.

The false endorsement claim is similar to the claim of trademark infringement, in that the both rely on the likelihood of consumer confusion.  These two claims are different in the sense that a celebrity plaintiff's <u>name or identity</u>, and not a trademark, is being used in such a way that consumers are likely to be confused as to <u>whether the celebrity has an affiliation, connection, association or sponsors or approves of or is the source of a defendant's goods or services</u>.

To prevail on the false endorsement claim, Plaintiffs must <u>show</u> that Defendants engaged in a false or misleading <u>description or representation of a fact that would create confusion</u> or deceive as to the affiliation, connection, association, sponsorship, approval or source of goods, services, or other commercial activity.

As you consider the likelihood of confusion under the false endorsement claim, you should examine the following:

(1)    The level of recognition that Larry Flynt has among the segment of the society for whom the defendants' adult motion picture products are intended;

(2)    The relatedness of the fame or success of Larry Flynt to adult motion pictures <u>and the adult entertainment industry</u>;

(3)    the similarity of the <u>name or likeness</u> used by the defendants to <u>Larry Flynt's name, likeness or identity</u>;

(4)    evidence of actual confusion;

(5)    marketing channels used;

(6)    likely degree of purchaser care;

(7)    defendants' intent on selecting the plaintiffs' <u>name or identity</u>; and

(8)    likelihood of expansion of the product lines.

Although these are all factors that are appropriate for consideration in determining the likelihood of confusion, they are not necessarily of equal importance, nor do they necessarily apply to every case.

**CITATION OF AUTHORITY**: *Butler v. Target Corp.*, 323 F.Supp.2d 1052 (C.D.Cal.,2004); *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001)

1

## STATEMENT OF OBJECTION TO PLAINTIFFS' NO. 40

THE LANGUAGE OF THE INSTRUCTION (AS UNDERLINED ABOVE) CHANGES THE WORDING OF THE CASE LAW AND STATUTE (15 U.S.C. § 1125(a)), BROADENING THE SCOPE OF THE CLAIM. DEFENDANTS HAVE SUBMITTED AN ALTERNATIVE INSTRUCTION WITH LANGUAGE THAT MORE ACCURATELY TRACKS THE LANGUAGE IN THE STATUTE AND SETS FORTH THE PARAMETERS OF THE CLAIM. SEE BELOW.

**NO. 40 A**[Proposed by Defendants]

**LIKELIHOOD OF CONFUSION FACTORS – FALSE ENDORSEMENT**

In addition to Plaintiffs' claim of trademark infringement, Plaintiffs also bring a claim of false endorsement against the Defendants. Under a claim of false endorsement, Plaintiffs have the **burden of proving by a preponderance of the evidence** that Defendants engaged in a false or misleading representation of a fact that is **likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [Defendants with Larry Flynt], or as to the origin, sponsorship, or approval of [Defendants'] goods, services, or commercial activity by Larry Flynt. [AUTHORITY: 15 U.S.C. § 1125(a); Model Instruction No. 15.5 (Burden of Proof)].**

The false endorsement claim is similar to the claim of trademark infringement, in that the both rely on the likelihood of consumer confusion. These two claims are different in the sense that a celebrity plaintiff's **persona**, and not a trademark, is being used in such a way that consumers are likely to be confused.

I will suggest some factors you should consider in deciding the likelihood of consumer confusion. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

**[AUTHORITY:  SAME INTRODUCTION AS IN MODEL INSTRUCTION NO. 15.16]**

(1)    The level of recognition that Larry Flynt has among the segment of the society for whom the defendants' adult motion picture products are intended;

(2)    The relatedness of the fame or success of Larry Flynt to **the Defendants' products**;

(3)    the similarity of the **likeness** used by the Defendants to the **actual Larry Flynt**;

(4)     evidence of actual confusion;

(5)     marketing channels used;

(6)     likely degree of purchaser care;

(7)     defendants' intent on selecting the **persona**; and

(8)     likelihood of expansion of the product lines.

Although these are all factors that are appropriate for consideration in determining the likelihood of confusion, they are not necessarily of equal importance, nor do they necessarily apply to every case.

**CITATION OF AUTHORITY**: *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007-1008 (9th Cir. 2001).

**NO. 45** (Special Instruction Proposed by Plaintiffs]

**UNFAIR COMPETITION**

Plaintiffs have asserted several claims that fall under the category of claims known as "unfair competition." As you will see, these claims are very similar to a claim for trademark infringement.

Whether the violation is called infringement or unfair competition, the test is identical: "is there a likelihood of consumer confusion?" Accordingly, in considering Plaintiffs' unfair competition claims, you are to apply the same multi-factor test for likelihood of confusion described earlier for trademark infringement.

There will be some differences, and I will go through these differences in a moment.

The unfair competition claims are as follows:

(1)    A federal unfair competition claim for use of a trademark in a manner likely to cause confusion as to the origin of Defendants' goods.

(2)    A state unfair competition claim for use of a trademark in a manner likely to cause confusion as to the origin of Defendants' goods.

For each of these claims, Defendants are liable for unfair competition if (1) its adult motion pictures under the "FLYNT" mark are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or (2) its adult motion pictures are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff Larry Flynt or his companies.

**AUTHORITY:**  *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1997); *Westinghouse Electric v. General Circuit Breaker*, 41 USPQ2d 1741 (9th Cir. 1997).

**STATEMENT OF OBJECTION TO PLAINTIFFS' NO. 45**

DEFENDANTS OBJECT TO THIS INSTRUCTION ON TWO GROUNDS. FIRST, PLAINTIFFS' FEDERAL UNFAIR COMPETITION CLAIMS ARISE SOLELY FROM THE LANHAM ACT, 15 U.S.C. SECTION 1125(A), AND ARE ALREADY ADDRESSED IN THE INSTRUCTIONS ON TRADEMARK INFRINGEMENT [MODEL NUMBERS 15.5 AND 15.6] OF UNREGISTERED TRADEMARKS AND THE SPECIAL FALSE ENDORSEMENT INSTRUCTION. THERE ARE NO OTHER FEDERAL UNFAIR COMPETITION CLAIMS SO THIS INSTRUCTION IS UNNECESSARY.

SECOND, THERE IS NO NEED FOR A SEPARATE INSTRUCTION ON THE STATE UNFAIR COMPETITION CLAIM AS IT ADMITTEDLY THE SAME TEST (WHETHER THE PUBLIC IS LIKELY TO BE DECEIVED OR CONFUSED BY THE SIMILARITY OF THE MARKS" [AUTHORITY -SEE ACAD. OF MOTION PICTURE ARTS & SCIS. V. CREATIVE HOUSE PROMOTIONS, INC., 944 F.2D 1446, 1457 (9TH CIR. 1991) ("AN ACTION FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200 ET SEQ. IS SUBSTANTIALLY CONGRUENT TO A TRADEMARK INFRINGEMENT CLAIM UNDER THE LANHAM ACT.") SEE *GLOW INDUS., INC. V. LOPEZ*, 252 F. SUPP. 2D 962, 975 N.90 (C.D. CAL. 2002) ("[T]HE ELEMENTS OF STATE CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION ARE SUBSTANTIALLY SIMILAR TO THOSE OF THE COMPARABLE FEDERAL CLAIMS.") (CITING *ENTREPRENEUR MEDIA, INC. V. SMITH*, 279 F.3D 1135, 1153 (9TH CIR. 2002)).

**NO. 46** [Special Instruction Proposed by Plaintiffs]

**SURVEY EVIDENCE**

**LIKELIHOOD OF CONFUSION—FACTORS—**

**ACTUAL CONFUSION—SURVEY EVIDENCE**

Because evidence of actual confusion is often not available, a consumer survey conducted according to accepted survey principles is often used as a proxy for evidence of actual confusion. These surveys measure the subjective mental associations and reactions of prospective consumers to the goods at issue. The results of a consumer survey are entitled to substantial weight when the survey is carefully designed and impartially conducted.

If you find that the survey conducted by Dr. Bruce Isaacson constitutes evidence of actual confusion among a substantial or "appreciable" number of prospective consumers, then you may treat this as strong evidence of a likelihood of consumer confusion. An appreciable number is not necessarily a majority, and can be much less than a majority. Generally, net levels of confusion above 15 percent may be considered evidence of a likelihood of confusion of an appreciable number of prospective consumers.

**AUTHORITY**: *E&J Gallo Wintery v. Gallo Cattle Co.*, 967 F.2d 1280, 1292-93 (9th Cir. 1992); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353 (9th Cir. 1979); *Exxon Corp. v. Texas Motor Exchange, Inc.*, 628 F.2d 500, 508 (5th Cir. 1980) (15% confusion between EXXON and TEXON); *Mutual of Omaha Co. v. Novak*, 836 F.2d 397, 400-01 (8th Cir. 1987) (survey showing 10-12% confusion entitled to "significant weight"); *RJR Foods, Inc. v. White Rock Corp.*, 603 F.2d 1058, 1061 (2d Cir. 1979) (rates between 15-20% indicate likelihood of confusion); *James Burrough, Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 279 (7th Cir. 1976) (15% confusion "evidences a likelihood of confusion")

**STATEMENT OF OBJECTION TO PLAINTIFFS' NO. 46**

DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING IMPROPER. SURVEY EVIDENCE IS SIMPLY EVIDENCE IN THE CASE, AND EVIDENCE INSTRUCTIONS ARE ADDRESSED BY GENERAL INSTRUCTIONS ELSEWHERE. FOR EXAMPLE, PLAINTIFFS' SURVEY EVIDENCE WILL BE PRESENTED BY PLAINTIFFS' EXPERT IN THE FORM OF AN EXPERT OPINION, AND MODEL NO. 2.11 INSTRUCTS THE JURORS THAT "OPINION TESTIMONY SHOULD BE JUDGED JUST LIKE ANY OTHER TESTIMONY. YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL THE OTHER EVIDENCE IN THE CASE."

ALLOWING A SPECIAL INSTRUCTION FOR JUST THE SURVEY EVIDENCE WILL UNFAIRLY ELEVATE THE EVIDENCE TO THE JURORS. THE AUTHORITY CITED BY THE PLAINTIFFS DOES NOT SUPPORT GIVING AN INSTRUCTION ON SURVEY EVIDENCE AND THE INSTRUCTION DOES NOT ACCURATELY REPRESENT THE LAW. FOR EXAMPLE, THE SURVEY DOES NOT ACTUALLY "CONSTITUTE[]" EVIDENCE OF ACTUAL CONFUSION" AS THE FIRST SENTENCE OF THE SECOND PARAGRAPH IMPLIES.

[PROPOSED BY PLAINTIFFS:]

**JURY VERDICT FORM**

**SECTION 1:  FEDERAL INFRINGEMENT OF AN UNREGISTERED TRADEMARK**

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for trademark infringement, we the jury make the following findings:

**1.**    Do you find that Plaintiffs own the LARRY FLYNT trademark?

_____Yes          _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in this Section 1, and proceed to Section 2.

**2.**    Do you find that Plaintiffs' trademark LARRY FLYNT acquired secondary meaning before Defendants used the mark FLYNT on their products?

_____Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in this Section 1, and proceed to Section 2.

**3.**    Do you find that Defendants' use of the mark "FLYNT" for adult motion pictures is likely to cause confusion among consumers as to the source of the goods?

_____Yes          _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions in <u>Section 1</u>, and proceed to <u>Section 2</u>.

**4.**    Do you find that Defendants' use of the "FLYNT" mark was intentional, willful, or in bad faith?

_____Yes          _____No

**Please Proceed to Section 2**

## SECTION 2:  FALSE ENDORSEMENT UNDER THE LANHAM ACT

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for false endorsement under the Lanham Act, we the jury make the following findings:

1.    **(a)**    Do you find that Defendants' use of the name "FLYNT" creates confusion or deceives ordinary consumers as to the affiliation, connection, association, sponsorship, approval or source of Defendants' products with those of Larry Flynt or Larry Flynt's companies?

_____Yes            _____No

**(b)**    Do you find that Defendants' use of the trademark "FLYNT" creates confusion or deceives ordinary consumers as to the affiliation, connection, association, sponsorship, approval or source of Defendants' products with those of Larry Flynt or Larry Flynt's companies?

_____Yes            _____No

If your answer to either question 1 (a) or 1 (b) is yes, then answer question 2. If you answered no, stop here, answer no further questions in this Section 2, and proceed to Section 3.

2.    Do you find that Defendants' use of the mark or name FLYNT was intentional, willful, or in bad faith?

_____Yes            _____No

**Please Proceed to Section 3**

## SECTION 3:  FEDERAL UNFAIR COMPETITION

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for Federal Unfair Competition , we the jury make the following findings:

**1.** **(a)** Do you find that Defendants' use of the name "FLYNT" is likely to cause confusion among ordinary consumers as to Defendants' affiliation, connection, or association with Larry Flynt or Larry Flynt's companies?

_____Yes          _____No

**(b)** Do you find that Defendants' use of the trademark FLYNT is likely to cause confusion, to cause mistake, or to deceive ordinary consumers as to the origin, sponsorship, or approval of Defendants' adult motion pictures and DVDs by Larry Flynt or Larry Flynt's companies?

_____Yes          _____No

If your answer to either question 1 (a) or 1 (b) is yes, then answer question 2. If you answered no, stop here, answer no further questions in this Section 3, and proceed to Section 4.

**2.** Do you find that Defendants' use of the mark or name FLYNT was intentional, willful, or in bad faith?

_____Yes          _____No

**Please Proceed to Section 4**

## SECTION 4: CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for California Common Law Trademark Infringement and Unfair Competition , we the jury make the following findings:

1.    Do you find that Defendants' use of the name "FLYNT" is likely to cause confusion among ordinary consumers as to Defendants' affiliation, connection, or association with Larry Flynt or Larry Flynt's companies?

    \_\_\_\_\_Yes        \_\_\_\_\_No

2.    Do you find that Defendants' use of the mark "FLYNT" for adult motion pictures is likely to cause confusion among consumers as to the source of the goods?

    \_\_\_\_\_Yes        \_\_\_\_\_No

**Please Proceed to Section 5**

## SECTION 5:  CALIFORNIA STATUTORY RIGHT OF PUBLICITY

On the claim of Plaintiff Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violating Larry Flynt's right of publicity, we the jury make the following findings:

**1.**    By using the name "FLYNT" did Defendants knowingly use Plaintiff Larry Flynt's name or identity on merchandise or to advertise or sell products?

_____Yes          _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in Section 5, and proceed to Section 6.

**2.**    Did Defendants have Larry Flynt's permission to use his name or identity to sell their adult motion pictures?

_____Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in Section 5, and proceed to Section 6.

**3.**    Was Defendants' use of Larry Flynt's name or identity directly connected to Defendants' commercial purpose?

_____Yes          _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions in Section 5, and proceed to Section 6.

**4.**    Was Defendants' conduct a substantial factor in causing potential harm to Plaintiff Larry Flynt?

_____Yes          _____No

**Please Proceed to Section 6**

### SECTION 6:  WRONGFUL APPROPRIATION OF
### NAME/LIKENESS UNDER CALIFORNIA LAW

On the claim of Plaintiffs Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violating Larry Flynt's common law right of publicity , we the jury make the following findings:

**1.**     Did Defendants use Plaintiff Larry Flynt's name or identity without his permission?

_____Yes          _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in <u>Section 6,</u> and proceed to <u>Section 7.</u>

**2.**     Did the Defendants gain a commercial advantage by using Larry Flynt's name or identity?

_____Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in <u>Section 6,</u> and proceed to <u>Section 7.</u>

**3.**     Was the Defendants' conduct a substantial factor in causing potential harm to Plaintiff Larry Flynt?

_____Yes          _____No

**Please Proceed to Section 7**

## SECTION 7:  EXCEPTIONAL CASE UNDER THE LANHAM ACT

On the claim of Plaintiffs Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violations of federal trademark infringement and unfair competition, we the jury make the following findings:

1.    Do you find that this is an exceptional case such that Plaintiffs should recover their reasonable attorneys' fees?

_____Yes          _____No

*When you have completed the Sections 1-7, please sign and date this form and return it to the [clerk/bailiff/judge]*

Signed: _____

Presiding Juror

Dated: _____

[DEFENDANTS' OBJECTIONS TO PLAINTIFFS' VERDICT FORM:]

**JURY VERDICT FORM**

## SECTION 1:  FEDERAL INFRINGEMENT OF AN UNREGISTERED TRADEMARK

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for trademark infringement, we the jury make the following findings: OBJECTION AS TO THE ENTIRETY OF SECTION 1: ON THE PLAINTIFF'S CLAIM FOR TRADEMARK INFRINGEMENT, THE PLAINTIFF HAS THE BURDEN OF PROVING EACH OF THE ELEMENTS FOR TRADEMARK INFRINGEMENT BY A PREPONDERANCE OF THE EVIDENCE. SEE NINTH CIRCUIT MODEL JURY CIVIL JURY INSTRUCTIONS 15.5 (INFRINGEMENT – ELEMENTS AND BURDEN OF PROOF); SEE ALSO *TIE TECH, INC. V. KINEDYNE CORP.*, 296 F.3D 778, 783 (9TH CIR.2002) ("OVERALL, THE PLAINTIFF RETAINS THE ULTIMATE BURDEN OF PERSUASION IN A TRADEMARK INFRINGEMENT ACTION, NAMELY PROOF OF INFRINGEMENT. A NECESSARY CONCOMITANT TO PROVING INFRINGEMENT IS, OF COURSE, HAVING A VALID TRADEMARK; THERE CAN BE NO INFRINGEMENT OF AN INVALID MARK."). **HERE, THE PROPOSED SECTION 1 VERDICT FORM HAS NO INDICIA WHATSOEVER REGARDING PLAINTIFFS' BURDEN OF PROVING EACH ELEMENT AND WHETHER PLAINTIFFS MET THAT BURDEN. EACH QUESTION MUST BE PREFACED WITH: "DID PLAINTIFFS PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT ..."**

1.     Do you find that Plaintiffs own the LARRY FLYNT trademark?

_____Yes        _____No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions in this <u>Section 1</u>, and proceed to <u>Section 2</u>.

- IN ADDITION TO OWNERSHIP, PLAINTIFFS MUST ALSO PROVE THAT LARRY FLYNT IS A "VALID, PROTECTABLE MARK." THIS ELEMENT IS MISSING. SEE NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 15.5. IT IS PLAINTIFFS' BURDEN TO PROVE THAT THEY USED LARRY FLYNT AS A TRADEMARK FOR PLAINTIFFS' ADULT MOTION PICTURES AND DVDS BEFORE THE DEFENDANTS BEGAN TO USE THE FLYNT MARK IN THE MARKETING OF ITS ADULT MOTION PICTURES OR DVDS. SEE NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 15.12.

**2.**     Do you find that Plaintiffs' trademark LARRY FLYNT acquired secondary meaning before Defendants used the mark FLYNT on their products?

_____Yes        _____No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions in this <u>Section 1</u>, and proceed to <u>Section 2</u>.

THIS INQUIRY IS PART OF THE "VALID, PROTECTABLE TRADEMARK" INQUIRY AND IS THEREFORE UNNECESSARY.

**3.**     Do you find that Defendants' use of the mark "FLYNT" for adult motion pictures is likely to cause confusion among consumers as to the source of the goods?

_____Yes        _____No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions in <u>Section 1</u>, and proceed to <u>Section 2</u>.

- THIS PRESUMES THAT DEFENDANTS USED THE MARK LARRY FLYNT ON THEIR PRODUCTS. PLAINTIFFS MUST PROVE THAT DEFENDANTS USED THE LARRY FLYNT AND/OR FLYNT MARK. PLAINTIFFS SIDE-STEP THIS ELEMENT AND THEIR BURDEN OF PROVING THIS ELEMENT. SEE NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 15.5.

- MOREOVER, IT IS PLAINTIFFS BURDEN TO PROVE THAT DEFENDANTS USED THE MARK LARRY FLYNT *WITHOUT THE CONSENT OF THE PLAINTIFFS*. ID. THEREFORE, THERE MUST BE A SEPARATE FINDING AS TO WHETHER PLAINTIFFS MET THEIR BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANTS USED THE MARK *WITHOUT THE CONSENT OF THE PLAINTIFFS*.

**4.**    Do you find that Defendants' use of the "FLYNT" mark was intentional, willful, or in bad faith?

\_\_\_\_\_Yes            \_\_\_\_\_No

- SEE LANGUAGE OF NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 15.27 (INTENTIONAL INFRINGEMENT, TRADEMARK DAMAGES): "WHETHER THE DEFENDANT USED THE TRADEMARK INTENTIONALLY, KNOWING IT WAS AN INFRINGEMENT." THIS DOES NOT TRACK THAT LANGUAGE.

**Please Proceed to Section 2**

**SECTION 2:  FALSE ENDORSEMENT UNDER THE LANHAM ACT**

OBJECTION AS TO THE ENTIRETY:  NO INDICIA OF PLAINTIFFS'
BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE OF
ALL THE ELEMENTS OF FALSE ENDORSEMENT -- THAT DEFENDANTS
ENGAGED IN A FALSE OR MISLEADING REPRESENTATION OF A FACT
THAT IS LIKELY TO CAUSE CONFUSION, OR TO CAUSE MISTAKE, OR
TO DECEIVE AS TO THE AFFILIATION, CONNECTION, OR
ASSOCIATION OR DEFENDANTS WITH LARRY FLYNT OR AS TO THE
ORIGIN, SPONSORSHIP OR APPROVAL OF DEFENDANTS' GOODS,
SERVICES OR COMMERCIAL ACTIVITY BY LARRY FLYNT.  SEE 15
U.S.C. §1125(A) AND NINTH CIRCUIT MODEL CIVIL JURY
INSTRUCTIONS 15.5.

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP,
LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin
Flynt for false endorsement under the Lanham Act, we the jury make the following
findings:

1.    **(a)**    Do you find that Defendants' use of the name "FLYNT" creates
confusion or deceives ordinary consumers as to the affiliation, connection,
association, sponsorship, approval or source of Defendants' products with those of
Larry Flynt or Larry Flynt's companies?

_____Yes        _____No

- THIS DOES NOT ACCURATELY TRACK THE LANGUAGE IN
  THE AUTHORITY NOTED ABOVE.

**(b)**    Do you find that Defendants' use of the trademark "FLYNT" creates
confusion or deceives ordinary consumers as to the affiliation, connection,

association, sponsorship, approval or source of Defendants' products with those of Larry Flynt or Larry Flynt's companies?

_____Yes          _____No

- REFERENCE TO "DEFENDANTS' USE OF *THE TRADEMARK 'FLYNT'*" IS IMPROPER BECAUSE IN FALSE ENDORSEMENT, A PLAINTIFF'S *PERSONA* AND NOT NECESSARILY A TRADEMARK IS BEING USED IN SUCH A WAY THAT CONSUMERS ARE LIKELY TO BE CONFUSED. SEE *DOWNING V. ABERCROMBIE & FITCH*, 265 F.3D 994 1007-1008 (9TH CIR. 2001).

If your answer to either question 1 (a) or 1 (b) is yes, then answer question 2. If you answered no, stop here, answer no further questions in this <u>Section 2</u>, and proceed to <u>Section 3</u>.

2.    Do you find that Defendants' use of the mark or name FLYNT was intentional, willful, or in bad faith?

_____Yes          _____No

- SEE LANGUAGE OF NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 15.27 (INTENTIONAL INFRINGEMENT, TRADEMARK DAMAGES): "WHETHER THE DEFENDANT USED THE TRADEMARK INTENTIONALLY, KNOWING IT WAS AN INFRINGEMENT." THIS DOES NOT TRACK THAT LANGUAGE.

**Please Proceed to Section 3**

## SECTION 3:  FEDERAL UNFAIR COMPETITION

OBJECTION AS TO THE ENTIRETY:  THE FEDERAL UNFAIR
COMPETITION CLAIMS ARE ADDRESSED BY THE TWO PREVIOUS
CLAIMS UNDER THE LANHAM ACT (TRADEMARK INFRINGEMENT OF
AN UNREGISTERED MARK AND FALSE ENDORSEMENT UNDER 43(A)).
ALSO, THERE  IS NO INDICIA OF PLAINTIFFS' BURDEN OF PROVING BY
A PREPONDERANCE OF THE EVIDENCE OF ALL THE ELEMENTS OF
EACH .

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP,
LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin
Flynt for Federal Unfair Competition , we the jury make the following findings:

1.    **(a)**  Do you find that Defendants' use of the name "FLYNT" is likely to
cause confusion among ordinary consumers as to Defendants' affiliation,
connection, or association with Larry Flynt or Larry Flynt's companies?

\_\_\_\_\_Yes          \_\_\_\_\_No

- THIS DOES NOT ACCURATELY TRACK THE LANGUAGE IN
  THE AUTHORITY NOTED ABOVE.
- "LARRY   FLYNT'S   COMPANIES"   IS   VAGUE.    WHICH
  COMPANIES?


**(b)**  Do you find that Defendants' use of the trademark FLYNT is likely to
cause confusion, to cause mistake, or to deceive ordinary consumers as to the
origin, sponsorship, or approval of Defendants' adult motion pictures and DVDs
by Larry Flynt or Larry Flynt's companies?

\_\_\_\_\_Yes          \_\_\_\_\_No

If your answer to either question 1 (a) or 1 (b) is yes, then answer question 2. If you answered no, stop here, answer no further questions in this <u>Section 3</u>, and proceed to <u>Section 4</u>.

- THIS DOES NOT ACCURATELY TRACK THE LANGUAGE IN THE AUTHORITY NOTED ABOVE.
- "LARRY FLYNT'S COMPANIES" IS VAGUE.  WHICH COMPANIES?

2.  Do you find that Defendants' use of the mark or name FLYNT was intentional, willful, or in bad faith?

_____Yes          _____No

- SEE LANGUAGE OF NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 15.27 (INTENTIONAL INFRINGEMENT, TRADEMARK DAMAGES): "WHETHER THE DEFENDANT USED THE TRADEMARK INTENTIONALLY, KNOWING IT WAS AN INFRINGEMENT." THIS DOES NOT TRACK THAT LANGUAGE.

**Please Proceed to Section 4**

### SECTION 4:  CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

OBJECTION AS TO THE ENTIRETY:  NOTHING AS TO PLAINTIFFS' BURDEN OF PROVING ALL OF THE ELEMENTS OF TRADEMARK INFRINGEMENT.  ALSO, THIS INQUIRY IS UNNECESSARY.  SEE *GLOW INDUS., INC. V. LOPEZ*, 252 F. SUPP. 2D 962, 975 N.90 (C.D. CAL. 2002) ("[T]HE ELEMENTS OF STATE CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION ARE SUBSTANTIALLY SIMILAR TO THOSE OF THE COMPARABLE FEDERAL CLAIMS.") (CITING *ENTREPRENEUR MEDIA, INC. V. SMITH*, 279 F.3D 1135, 1153 (9TH CIR. 2002)).

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for California Common Law Trademark Infringement and Unfair Competition , we the jury make the following findings:

**1.**    Do you find that Defendants' use of the name "FLYNT" is likely to cause confusion among ordinary consumers as to Defendants' affiliation, connection, or association with Larry Flynt or Larry Flynt's companies?

_____Yes          _____No

**2.**    Do you find that Defendants' use of the mark "FLYNT" for adult motion pictures is likely to cause confusion among consumers as to the source of the goods?

_____Yes          _____No

**Please Proceed to Section 5**

## SECTION 5:  CALIFORNIA STATUTORY RIGHT OF PUBLICITY

On the claim of Plaintiff Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violating Larry Flynt's right of publicity, we the jury make the following findings:

1.    By using the name "FLYNT" did Defendants knowingly use Plaintiff Larry Flynt's name or identity on merchandise or to advertise or sell products?

\_\_\_\_\_Yes    \_\_\_\_\_No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in Section 5, and proceed to Section 6.

- THIS DOES NOT TRACK THE LANGUAGE OF CALIFORNIA'S STATUTORY RIGHT OF PUBLICITY UNDER CACI 1804A AND CIVIL CODE §3344.
- PREFACING THE QUESTION WITH "BY USING THE NAME 'FLYNT'" IS IMPROPER AND MISLEADING.  THERE IS NO SUCH LANGUAGE UNDER THE AUTHORITY, WHICH ACTUALLY REQUIRES THAT PLAINTIFF MUST PROVE "THAT DEFENDANTS KNOWINGLY USED LARRY FLYNT'S NAME OR LIKENESS TO ADVERTISE OR SELL DEFENDANTS' PRODUCTS.
- USE OF THE WORD "IDENTITY" IS IMPROPER BECAUSE IT IS NOT PROVIDED FOR UNDER THE STATUTE.  RATHER, "LIKENESS" APPLIES, SO IT SHOULD BE "NAME OR LIKENESS."

2.    Did Defendants have Larry Flynt's permission to use his name or identity to sell their adult motion pictures?

\_\_\_\_\_Yes    \_\_\_\_\_No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions in <u>Section 5</u>, and proceed to <u>Section 6</u>.

- SAME OBJECTION RE USE OF "IDENTITY"

**3.** Was Defendants' use of Larry Flynt's name or identity directly connected to Defendants' commercial purpose?

_____Yes           _____No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions in <u>Section 5</u>, and proceed to <u>Section 6</u>.

- SAME OBJECTION RE USE OF "IDENTITY"

**4.** Was Defendants' conduct a substantial factor in causing potential harm to Plaintiff Larry Flynt?

_____Yes           _____No

- OBJECTION AS TO "*POTENTIAL* HARM." THE ADDITION OF "POTENTIAL" IS IMPROPER BECAUSE IT DOES NOT APPEAR IN THE STATUTE OR THE APPROVED INSTRUCTION CACI 1804A OR CIVIL CODE 3344.
- ALSO, THIS PRESUMES THAT THERE WAS "HARM" (OR ALBEIT IMPROPERLY, "POTENTIAL HARM") TO LARRY FLYNT. THIS SIDESTEPS THE REQUIREMENT THAT PLAINTIFF MUST FIRST MEET HIS BURDEN OF SHOWING THAT LARRY FLYNT WAS HARMED BEFORE PROCEEDING WITH THE QUESTION AS TO WHETHER DEFENDANTS' CONDUCT WAS A SUBSTANTIAL FACTOR IN CAUSING SUCH HARM. SEE CACI 1804A AND CIVIL CODE 3344.

**Please Proceed to Section 6**

## SECTION 6:  WRONGFUL APPROPRIATION OF
## NAME/LIKENESS UNDER CALIFORNIA LAW

On the claim of Plaintiffs Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violating Larry Flynt's common law right of publicity , we the jury make the following findings:

**1.**    Did Defendants use Plaintiff Larry Flynt's name or identity without his permission?

_____Yes          _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in <u>Section 6,</u> and proceed to <u>Section 7.</u>

- "NAME, *LIKENESS,* OR IDENTITY."  SEE CACI 1803

**2.**    Did the Defendants gain a commercial advantage by using Larry Flynt's name or identity?

_____Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in <u>Section 6,</u> and proceed to <u>Section 7.</u>

- "Name, *likeness,* or identity."  See caci 1803

**3.**    Was the Defendants' conduct a substantial factor in causing potential harm to Plaintiff Larry Flynt?

_____Yes          _____No

- OBJECTION AS TO "*POTENTIAL* HARM."  THE ADDITION OF "POTENTIAL" IS IMPROPER BECAUSE IT DOES NOT APPEAR IN THE APPROVED INSTRUCTION CACI 1803 OR CASE LAW (SEE BELOW).

- THIS ALSO PRESUMES THAT THERE WAS "HARM" (OR "POTENTIAL HARM") TO LARRY FLYNT. THIS SIDESTEPS THE REQUIREMENT THAT PLAINTIFF MUST FIRST MEET HIS BURDEN OF SHOWING THAT LARRY FLYNT WAS HARMED BEFORE PROCEEDING WITH THE QUESTION AS TO WHETHER DEFENDANTS' CONDUCT WAS A SUBSTANTIAL FACTOR IN CAUSING SUCH HARM. SEE CACI 1803

- PLAINTIFF MUST PROVE THAT THERE WAS RESULTING HARM OR INJURY. THE ELEMENTS OF THIS TORT, AT COMMON LAW, ARE: "(1) THE DEFENDANT'S USE OF THE PLAINTIFF'S IDENTITY; (2) THE APPROPRIATION OF PLAINTIFF'S NAME OR LIKENESS TO DEFENDANT'S ADVANTAGE, COMMERCIALLY OR OTHERWISE; (3) LACK OF CONSENT; AND (4) **RESULTING INJURY**. [CITATIONS.]" *LAWS V. SONY MUSIC ENTM'T, INC.*, 448 F.3D 1134, 1138 (9TH CIR. 2006), CITING TO *EASTWOOD V. SUPERIOR COURT* (1983) 149 CAL. APP. 3D 409, 417 [198 CAL. RPTR. 342].) (EMPHASIS ADDED).

**Please Proceed to Section 7**

## SECTION 7:  EXCEPTIONAL CASE UNDER THE LANHAM ACT

On the claim of Plaintiffs Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violations of federal trademark infringement and unfair competition, we the jury make the following findings:

1.    Do you find that this is an exceptional case such that Plaintiffs should recover their reasonable attorneys' fees?

_____Yes        _____No

- WHETHER A CASE IS "EXCEPTIONAL" IS A QUESTION OF LAW TO THE COURT NOT FOR THE JURY TO DECIDE. "THE COURT IN EXCEPTIONAL [TRADEMARK] CASES MAY AWARD REASONABLE ATTORNEY FEES TO THE PREVAILING PARTY." 15 U.S.C. § 1117(A). "THIS REQUIREMENT IS MET WHEN THE CASE IS EITHER 'GROUNDLESS, UNREASONABLE, VEXATIOUS, OR PURSUED IN BAD FAITH." *CAIRNS V. FRANKLIN MINT CO.,* 292 F.3D 1139, 1156 (9TH CIR. 2002) (INTERNAL QUOTATIONS AND CITATION OMITTED). **THE INTERPRETATION OF WHAT CONSTITUTES AN "EXCEPTIONAL CASE"  FOR THE AWARD OF ATTORNEYS' FEES IN A LANHAM ACT CLAIM IS A QUESTION OF LAW** AND IS REVIEWED DE NOVO. *EARTHQUAKE SOUND CORP. V. BUMPER INDUS.,* 352 F.3D 1210, 1216 (9TH CIR. 2003).

*When you have completed the Sections 1-7, please sign and date this form and return it to the [clerk/bailiff/judge]*

Signed: _____

                     Presiding Juror


Dated: _____

[DEFENDANTS' PROPOSED VERDICT FORM:]

**JURY VERDICT FORM**

## SECTION 1:  FEDERAL INFRINGEMENT OF AN UNREGISTERED TRADEMARK

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for trademark infringement, we the jury make the following findings:

**1.**    Did Plaintiffs prove by a preponderance of the evidence that LARRY FLYNT and/or FLYNT is/are valid, protectable trademarks(s)?

_____Yes          _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in this <u>Section 1</u>, and proceed to <u>Section 2</u>.

**2.**    Did Plaintiffs prove by a preponderance of the evidence that Plaintiffs own the terms LARRY FLYNT and/or FLYNT as [a] trademark(s)?

_____Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in this <u>Section 1</u>, and proceed to <u>Section 2</u>.

**3.**    Did Plaintiffs prove by a preponderance of the evidence that Defendants used a mark similar to the LARRY FLYNT and/or FLYNT mark(s) without the consent of Plaintiffs in a manner that it likely to cause confusion among ordinary purchasers as to the source of the goods?          _____Yes          _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions in <u>Section 1</u>, and proceed to <u>Section 2</u>.

**4.**    Do you find that Defendants intentionally used "FLYNT" knowing it was an infringement?

    \_\_\_\_\_Yes      \_\_\_\_\_No

**Please Proceed to Section 2**

## SECTION 2:  FALSE ENDORSEMENT UNDER THE LANHAM ACT

On the claim of Plaintiffs Larry Flynt, LFP Video Group, LLC and LFP IP, LLC against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for false endorsement under the Lanham Act, we the jury make the following findings:

**1.**    Did Plaintiffs prove by a preponderance of the evidence that Defendants used Plaintiff Larry Flynt's persona or likeness in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Larry Flynt, or as to the origin, sponsorship or approval of Defendants' goods, services, or commercial activity by Larry Flynt?

_____Yes            _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in this <u>Section 2</u>, and proceed to <u>Section 3</u>.

**2.**    Do you find that Defendants intentionally used Larry Flynt's persona or likeness  knowing it was a false endorsement?

_____Yes            _____No

**Please Proceed to Section 3**

## SECTION 3:  CALIFORNIA STATUTORY RIGHT OF PUBLICITY

On the claim of Plaintiff Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violating Larry Flynt's statutory right of publicity, we the jury make the following findings:

**1.**    Did Defendants knowingly use Plaintiff Larry Flynt's name or likeness on merchandise or to advertise or sell products?

_____Yes            _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in Section 3, and proceed to Section 4.

**2.**    Did Defendants have Larry Flynt's consent?

_____Yes            _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in Section 3, and proceed to Section 4.

**3.**    Was Defendants' use of Larry Flynt's name or likeness directly connected to Defendants' commercial purpose?

_____Yes            _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions in Section 3, and proceed to Section 4.

**4.**    Was Larry Flynt harmed?

_____Yes            _____No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions in <u>Section 3</u>, and proceed to <u>Section 4</u>.

**5.**    Was Defendants' conduct a substantial factor in causing harm to Plaintiff Larry Flynt?

_____Yes          _____No

**Please Proceed to Section 4**

## SECTION 4:  WRONGFUL APPROPRIATION OF
## NAME/LIKENESS UNDER CALIFORNIA LAW

On the claim of Plaintiffs Larry Flynt against Defendants Flynt Media Corporation, Jimmy Flynt, II and Dustin Flynt for violating Larry Flynt's common law right of publicity , we the jury make the following findings:

**1.**     Did Defendants use Plaintiff Larry Flynt's name, likeness, or identity without his permission?

_____Yes          _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions in <u>Section 4,</u> and proceed to sign and date the form.

**2.**     Did the Defendants gain a commercial benefit by using Larry Flynt's name, likeness, or identity?

_____Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions in <u>Section 4,</u> and proceed to and sign and date the form.

**3.**     Was Larry Flynt harmed?

_____Yes          _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions in <u>Section 4,</u> and proceed to and sign and date the form.

**4.**   Was the Defendants' conduct a substantial factor in causing harm to Plaintiff Larry Flynt?

_____Yes            _____No

*When you have completed the Sections 1-4, please sign and date this form and return it to the [clerk/bailiff/judge]*

Signed: _____

                        Presiding Juror

Dated: _____

1    ///

2    DATED: November 23, 2009    LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4

5    By: /s/Mina Hamilton

6    Daniel C. Decarlo
     Mina I. Hamilton
7    Daniel R. Lewis
     Attorneys for Defendants Flynt Media
8    Corporation; Jimmy Flynt, II; and Dustin Flynt

9

10

11

12

13   DATED: November 23, 2009    LABOWE, LABOWE & HOFFMAN, LLP

14

15   LIPSITZ GREEN SCIME CAMBRIA LLP

16

17

18   By: /s/ Jonathan Brown

19   Jonathan Brown

20   Mina I. Hamilton
     Daniel R. Lewis
21   Attorneys for Plaintiffs Larry C. Flynt, LFP
     Video Group, LLC, and LFP IP, LLC
22

23

24

25

26

27

28