LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. FLYNT, LFP VIDEO GROUP, LLC, and LFP IP LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FLYNT MEDIA CORPORATION, a Delaware corporation; JIMMY FLYNT, II; DUSTIN FLYNT; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 09-CV-00048-AHM (RZx)<br>The Hon. A. Howard Matz<br><br>**[PROPOSED] ORDER RE MOTIONS IN LIMINE AND OTHER MATTERS HEARD AT THE FINAL PRETRIAL CONFERENCE** |

**MOTIONS IN LIMINE:**

The Court, having considered the moving and opposing arguments of the parties related to their motions in limine, hereby makes the following orders:

1. On Plaintiffs' Motion in Limine No. 1 to exclude the testimony of Mark Mauceri at trial, the motion is DENIED IN PART and GRANTED IN PART. Mr. Mauceri is not precluded from testifying about adult industry custom and practice, to the extent that it is relevant to the underlying claims. Mr. Mauceri is, however, precluded from testifying about, or expressing an opinion as to the likelihood of confusion in this case.

2. On Defendants' Motion in Limine No. 1 to preclude reference to insurance at trial, the motion is GRANTED. Plaintiffs and all witnesses and counsel are precluded from referencing Defendants' insurance at trial.

3. On Defendants' Motion in Limine No. 2 to exclude the testimony and reports of Dr. Bruce Isaacson, the motion is DENIED. Although the motion is denied, the Court will not permit Dr. Isaacson to render an opinion in Plaintiffs' case in chief about Mr. Mauceri and Mr. Mauceri's opinions.

4. On Defendants' Motion in Limine No. 3 to preclude the testimony of Paul Fishbein at trial, the motion is GRANTED. Plaintiffs and all witnesses and counsel are precluded from using the deposition testimony of, and eliciting or offering any testimony by witness Paul Fishbein at trial.

5. On Defendants' Motion in Limine No. 4 to preclude reference to orders granting a temporary restraining order and preliminary injunction at trial, the motion is GRANTED. Plaintiffs and all witnesses and counsel are precluded from referencing in front of the jury the orders granting a temporary restraining order and preliminary injunction in this case. The parties may enter into a stipulation that states that the jury may be told, if necessary, that the Defendants had planned to enter the market but have not actually done so pending the outcome of the lawsuit.

6. On Defendants' Motion in Limine No. 5 to preclude reference at trial to any criminal history and past drug use of the defendant Dustin Flynt, the motion is GRANTED. Plaintiffs and all witnesses and counsel are precluded from referencing in front of the jury any criminal history or drug use of Dustin Flynt.

7. On Defendants' Motion in Limine No. 6 to exclude reference to Plaintiffs' pending trademark application, the motion is GRANTED. Plaintiffs and all witnesses and counsel are precluded from referencing the pending trademark application LFP IP, LLC for the asserted mark "LARRY FLYNT" in front of the jury.

8. The parties, their counsel and witnesses are precluded from referring to the fact that any of the aforementioned motions had been filed or granted.

**AMENDING TRIAL WITNESS AND EXHIBIT LISTS:**

9. The Court, having considered the moving and opposing arguments of the parties related to the Defendants' motion to amend their trial witness list to add Jimmy Flynt, Sr. and to add Trial Exhibit 414 to their exhibits, hereby GRANTS the motion. Defendants' Amended Trial Witness List filed with Defendants' motion on November 18, 2009 shall be deemed submitted, and Plaintiffs' counsel is ordered to cooperate in the filing of an amended joint exhibit list which includes the additional exhibit.

10. The parties are hereby ordered to work on a stipulation prior to trial to amend their joint Exhibit List to limit the number of pornographic materials in the form of DVD covers or otherwise that will be entered into evidence in this case so that the jury is not unnecessary saturated with the explicit materials.

**IT IS SO ORDERED.**

DATED:               BY:_____

                          A. HOWARD MATZ, U.S. DISTRICT JUDGE