PAUL J. CAMBRIA, JR., ESQ. (State Bar No. 177957)
JONATHAN W. BROWN, ESQ. (State Bar No. 223901)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
Facsimile No.: (716) 849-1315
pcambria@lglaw.com;  jbrown@lglaw.com

MARK S. HOFFMAN, ESQ. (State Bar No. 108400)
RICHARD W. LABOWE, Esq. (State Bar No. 105905)
LABOWE, LABOWE & HOFFMAN, LLP
1631 West Beverly Boulevard, Second Floor
Los Angeles, California 90026-5746
(213) 250-9800
Facsimile No: (213) 975-1145
mshllh@aol.com;  llhlaw1631@aol.com

Attorneys for Plaintiffs Larry C. Flynt, LFP Video Group, LLC, and LFP IP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LARRY C. FLYNT, LFP VIDEO GROUP, LLC, and LFP IP, LLC,**<br><br>Plaintiffs,<br><br>vs.<br><br>**FLYNT MEDIA CORPORATION,** a Delaware Corporation; **JIMMY FLYNT, II; DUSTIN FLYNT;** and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 2:09-cv-00048-AHM-RZx<br><br>**PLAINTIFFS' TRIAL BRIEF [PURSUANT TO LOCAL RULE 16-10]** |

Plaintiffs Larry C. Flynt, LFP Video Group, LLC and LFP IP, LLC ("Plaintiffs") respectfully submit the following Trial Brief filed pursuant to Local Rule 16-10:

**1. Local Rule 16-10(a): Update of newly decided cases**

Plaintiffs are currently unaware of any statutory changes or newly decided cases within the Ninth Circuit, by Ninth Circuit Court of Appeals or the Supreme Court of the United States that modify the laws relevant to this case.

**2. Local Rule 16-10(b): Brief of issues as Directed by the Court.**

At this time, the Court has not requested supplement briefs on any issues.

**3. Local Rule 16-10(c):  Reply to Defendants' Memorandum of Contentions of Fact and Law.**

**A. The Lanham Act claims**

Contrary to Defendants' Contentions of Fact and Law, there is clear evidence that consumers will likely be confused as to the source of Defendants' line of "FLYNT" DVDs.

Consumers of adult films cannot distinguish between Defendants' "FLYNT" line of adult films and the adult films sold by Plaintiffs. When survey participants, who were consumers of adult entertainment materials, were presented with

2

Defendants' "FLYNT" DVD, up to 64% were confused as to the source of the product. Plaintiffs' expert witness, Dr. Bruce Isaacson has opined this is a "very high" percentage of confusion. When asked to explain how they determined the source of the "FLYNT" DVD, the survey participants repeatedly indicated that they believed Larry Flynt was the source of the DVD because of the FLYNT name and mark emblazoned across the top of the DVD box cover. Thus, regardless of the alleged sophistication of adult video consumers or the time they take to chose an adult DVD, when presented with Defendants' "FLYNT" DVD, consumers are confused as to the source of the Defendants' DVDs and believe that Larry Flynt produced it or was somehow involved with the production of the subject DVDs. This dovetails exactly with the overarching purpose of trademark law, specifically to "'avoid confusion in the marketplace' by allowing a trademark owner to 'prevent [] others from duping consumers into buying a product they mistakenly believe is sponsored by the trademark owner.'" Mattel, Inc. v. Walking Mountain, 353 F.3d 792, 806 (9th Cir. 2003) (citations omitted).

Moreover, Defendants' argument that their products are distinguishable because they are not using the HUSTLER trademark is of no avail. There is only one famous Flynt, Larry Flynt, and his name is so prominent that when consumers see the FLYNT name they immediately assume Larry Flynt or one of his companies produced the product. Moreover, despite Defendants' contentions, the

3

evidence will show that the Larry Flynt name and mark does not always appear with or alongside the HUSTLER mark.

Larry Flynt is internationally famous and, among other things, has made numerous television appearances, spoken at prestigious universities, and been subject of a major motion picture film, titled "The People v. Larry Flynt".  The evidence will show that Plaintiffs used and continue to use the Larry Flynt name and trademark to sell adult motion pictures and DVDs.  This is not the only use of Larry Flynt's name.  Among other things, Larry Flynt's name is on the masthead of all of LFP's adult magazine publications, including *Hustler*, *Barely Legal* and *Taboo*.  His name and image are found throughout various adult websites operated by Larry Flynt's companies.  Plaintiffs and their related companies use the LARRY FLYNT trademark in connection with Hustler Casino; the ten-story FLYNT PUBLICATIONS office building located in Beverly Hills, California; its various Flynt businesses such as Flynt Management Group; and, Larry Flynt's name and image is used to promote the HUSTLER apparel line of clothing, hats and novelty items.

By using the FLYNT name on adult motion pictures, Defendants are attempting to trade-off their uncle's famous name and trademark as well as his fame and notoriety.  Dustin and Jimmy Flynt are by no means famous.  In fact,

4

even Defendants' own expert witness did not know the name of the Defendants until he was retained in this matter.

**B.  Right of Publicity/Privacy Claims.**

By preparing the "FLYNT" line of adult DVDs, Defendants planned to use Larry Flynt's name and fame to market their product.  In addition, they crafted a marketing campaign that was intended to deceive the public into believing Larry Flynt supported and endorsed Defendants' products.  Defendants chose to promote their "FLYNT" line of DVDs with the marketing slogan "YOU KNOW THE NAME, YOU KNOW THE GAME", which is an unmistakable reference to Larry Flynt.   He is the only Flynt with a "name" or a "game" in the adult entertainment industry.

Likewise, Defendants' other marketing slogan, the "NEXT CHAPTER BEGINS", suggests that Larry Flynt is involved with and/or that he approves of their "FLYNT" line of DVD products. Larry Flynt is the only Flynt with a long and storied history; therefore, only he, not Defendants, could have a "next chapter."

Defendants' use of the "FLYNT" mark on adult DVDs, combined with their marketing slogans and materials are intended to trade off Larry Flynt's name and

identity. By doing this, Defendants are violating Larry Flynt's right of privacy and right of publicity.

**C. Defendants' Unclean Hands Affirmative Defense.**

To prevail on an unclean hands defense, "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir.1987)). Within the context of a Lanham Act claim, a defendant claiming unclean hands is generally required to prove the plaintiff has made material false statement regarding the intellectual property he seeks to protect. Such false and deceptive claims can render a trademark unenforceable. *Id*. For example, when plaintiff employed a Scandinavian marketing theme for ice cream that was not made in Scandinavia, the defendant had a valid unclean hands defense because plaintiff made false claims about the product's origin; therefore, its intellectual property was deemed unprotectable. Haagen-Dazs, Inc. v. Frusen Gladje, Ltd., 493 F. Supp. 73, 76 (S.D.N.Y 1980). Similarly, the Supreme Court held that a laxative named "Syrup of Figs" was an unprotectable trademark when it did not contain any figs or fig juice. Worden & Co., v. California Fig Syrup Co., 187 U.S. 516, 533-34, (1903).

Here, there is no evidence, or claim, that Plaintiffs falsely or deceitfully used the Flynt name or mark in any capacity. In fact, this lawsuit was precipitated by *Defendants* misleading use of the Flynt name.

Instead of arguing Plaintiffs improperly used their Larry Flynt trademark, Defendants claim the unclean hands doctrine applies because Larry Flynt terminated the employment of their father, Jimmy Flynt, Sr. This argument fails for at least three reasons. First, the termination of the employment relationship involved non-parties to this lawsuit. Second, the termination of Defendants' father is wholly unrelated to the factual and legal issues presented in this lawsuit. Third, the termination of the Defendants' father did not inequitably harm Defendants.

A cursory review of the pleadings herein show that Defendants' father, Jimmy Flynt, Sr., is not a party to this lawsuit and that any purported employment claims are not remotely related to this Lanham Act and right of publicity litigation. Even under the most liberal and broad reading of the pleadings, the purported wrongful termination of Jimmy Flynt, Sr., a non-party to this litigation, cannot be construed as being related to the subject matter of this case.

Additionally, the termination of Jimmy Flynt, Sr. did not affect the equitable relationships between the parties. Defendants are grown adults that operate their own business; therefore, they have no standing to claim they have been harmed by

the termination of their father's employment. Plaintiffs did not affect the rights of Defendants in any manner.

If Defendants insist on pursuing their unclean hands affirmative defense, the evidence will show that there were valid reasons for the termination. However, the veracity, or lack thereof, of any claim made by Jimmy Flynt, Sr., a non-party, needs to be adjudicated on its merits in a separate proceeding where the parties can engage in full discovery on those issues. This trial should not become an *ad-hoc* forum to resolve employment claims, if any such claims exist. Therefore, Plaintiffs respectfully submit that the Court should not entertain Defendants' claim of unclean hands as an affirmative defense.

DATED: December 1, 2009        LABOWE, LABOWE & HOFFMAN, LLP
                               LIPSITZ GREEN SCIME CAMBRIA LLP


                               By: /s/ Jonathan W. Brown
                                   Jonathan W. Brown
                                   Attorneys for Plaintiffs