1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY C. FLYNT, LFP VIDEO GROUP, LLC, and LFP IP, LLC,** | Case No.: 2:09-cv-00048-AHM-RZx |
| | The Hon. A. Howard Matz |
| Plaintiffs, | **FINAL PRE-TRIAL CONFERENCE ORDER** |
| vs. | |
| **FLYNT MEDIA CORPORATION,** a Delaware Corporation; **JIMMY FLYNT, II; DUSTIN FLYNT;** and DOES 1 through 10 inclusive, | Final Status Conference: |
| | November 23, 2009 |
| | First Day of Trial: December 8, 2009 |
| Defendants. | |

        Following pretrial proceedings, Pursuant to Rule 16, F.R.Civ.P., and L.R.
16, IT IS ORDERED:

        1.    The parties are:

        A.    Larry C. Flynt

        B.    LFP Video Group, LLC

1

       C.     LFP IP, LLC

2

       D.     Flynt Media Corporation

3

       E.     Jimmy Flynt, II

4

       F.     Dustin Flynt

5

     Each of these parties has been served and has appeared.  All other parties

6

named in the pleadings and not identified in the preceding paragraph are now

7

dismissed.

8

     The pleadings which raise the issues are:

9

       A.     Second Amended Complaint

10

       B.     Answer

11

12

     2.     Federal jurisdiction and venue are invoked upon the grounds:

13

     This Court has subject matter jurisdiction of this action over the federal

14

claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b), and

15

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §

16

1367(a).

17

     Venue lies in the Central District of California because all defendants reside

18

in that district and a substantial part of the alleged events and omissions giving rise

19

to the claims occurred in this district.  28 U.S.C. § 1391(b) (c).

20

     The facts requisite to jurisdiction and venue are admitted.

21

22

     3.     Plaintiffs estimate that the trial will take 4-5 trial days; Defendants

23

            estimate 3-4 trial days.

24

25

     4.     The trial is to be a jury trial as to the disputed factual issues.

26

27

     5.     The following facts are admitted and require no proof:

28

1

(1) Plaintiff Larry Flynt, the individual, is famous in the United

2

States.

3

(2) Plaintiff Larry Flynt is famous to the general public in the United

4

States.

5

(3) Plaintiff Larry Flynt is one of the best known individuals in the

6

United States adult entertainment industry.

7

(4) The "LFP" in LFP Video Group, LLC and LFP IP, LLC stands

8

for "Larry Flynt Publications."

9

(5) One of Larry Flynt's companies, LFP Casino IP, LLC, owns the

10

following trademarks registered with the United States Patent and Trademark

11

Office:

12

    a. LARRY FLYNT'S BAR AND GRILL (Reg. No. 3285198)

13

    b. LARRY FLYNT'S GRAND SLAM OF POKER (Reg. No.

14

3006902)

15

    c. LARRY FLYNT'S POKER CHALLENGE CUP (Reg. No.

16

2909711)

17

(6) On or prior to January, 9, 2009, Defendants advertised seven (7)

18

adult films in DVD format under the FLYNT name and mark on their website,

19

flyntdistribution.com, with scheduled release dates as follows:  1/12/09;  1/19/09;

20

1/26/09;  2/2/09;  2/9/09;  2/16/09;  and  2/23/09.

21

(7) Jimmy Flynt, II and Dustin Flynt are Larry Flynt's nephews, and

22

the sons of Larry Flynt's brother Jimmy Flynt, Sr.

23

(8) For all of their adult lives, Jimmy Flynt, II and Dustin Flynt have

24

used the "Flynt" surname, including while working in the adult entertainment

25

industry for Larry Flynt.

26

(9) After a name change at the age of three, Jimmy Flynt, II has

27

continually spelled his last name "F-L-Y-N-T". Dustin Flynt has always spelled his

28

last name "F-L-Y-N-T."

1

       (10)  Defendants' line of "FLYNT" DVDs and related advertising and

2

promotional materials do not depict the HUSTLER trademark or logo anywhere.

3

       (11)  Defendants' line of "FLYNT" DVDs and related advertising and

4

promotional materials do not contain the full name "Larry Flynt" anywhere.

5

       (12) Defendants' line of "FLYNT" DVDs, and related advertising and

6

promotional materials, do not contain the full names of Jimmy Flynt, II and Dustin

7

Flynt.

8

       (13) Defendants' had planned to enter the market but after the 2009

9

AVN trade show, but have not actually done so pending the outcome of the

10

lawsuit.

11

12

    6.     The following facts, though stipulated, shall be without prejudice to

13

any evidentiary objection:  NONE

14

15

    7.     Plaintiff's and defendants' claims, defenses, and the key evidence

16

supporting them are set forth below:

17

  **(a)**  Plaintiffs plan to pursue the following claims against the following

18

defendants:

19

**Claim 1:**  Defendants infringed Plaintiffs' Unregistered Trademark(s) by

20

          producing, promoting, advertising and preparing to distribute their

21

          "FLYNT" line of adult motion pictures (15 U.S.C. § 1125(a)).

22

**Claim 2:**  Defendants engaged in False Endorsement under the Lanham Act

23

          by falsely implying that Plaintiffs endorsed, sponsored or

24

          authorized their use of the "FLYNT" name and mark on their adult

25

          motion pictures (15 U.S.C. § 1125(a)).

26

**Claim 3:**  Defendants violated Federal Unfair Competition law by

27

          producing, promoting, advertising and preparing to distribute the

28

          "FLYNT" line of adult motion pictures (15 U.S.C. § 1125(a)).

**Claim 4:** Defendants infringed Plaintiffs' Common Law Trademark(s), and engaged in Unfair Competition (California State Law).

**Claim 5:** Defendants violated Plaintiff Larry Flynt's Right of Publicity (California Civil Code § 3344).

**Claim 6:** Defendants wrongfully appropriated Larry Flynt's famous name and identity by using the Flynt name and identity (California Common law right of publicity)

**(b)** The elements required to establish Plaintiffs' claims are:

**Claim 1: Infringement of Plaintiffs' Unregistered Trademark**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

In this case, the Plaintiffs contend that the Defendants have infringed the Plaintiffs' trademark(s). The Plaintiffs have the burden of proving by a preponderance of the evidence that:

(1)    LARRY FLYNT is a valid, protectable trademark;

(2)    The Plaintiffs own the LARRY FLYNT trademark; and

(3)    The Defendants used a mark similar to the LARRY FLYNT mark on their goods without the consent of the Plaintiffs in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

AUTHORITY: *Ninth Circuit Manual of Model Jury Instructions*, §15.1[modified] and §15.5 [modified].

**Claim 2: False Endorsement**

In addition to Plaintiffs' claim of trademark infringement, Plaintiffs also bring a claim of false endorsement against the Defendants. Under a claim of false endorsement, Plaintiffs have the burden of showing that Defendants engaged in a

1  false or misleading description or representation of a fact that would create

2  confusion or deceive as to the affiliation, connection, association, sponsorship,

3  approval or source of goods, services, or other commercial activity.

4         The false endorsement claim is similar to the claim of trademark

5  infringement, in that the both rely on the likelihood of consumer confusion.  These

6  two claims are different in the sense that a celebrity plaintiff's name or identity, and

7  not a trademark, is being used in such a way that consumers are likely to be

8  confused as to whether the celebrity has an affiliation, connection, association or

9  sponsors or approves of or is the source of a defendant's goods or services.

10        To prevail on the false endorsement claim, Plaintiffs must show that

11  Defendants engaged in a false or misleading description or representation of a fact

12  that would create confusion or deceive as to the affiliation, connection, association,

13  sponsorship, approval or source of goods, services, or other commercial activity.

14        As you consider the likelihood of confusion under the false endorsement

15  claim, you should examine the following:

16        (1)     The level of recognition that Larry Flynt has among the segment of

17  the society for whom the defendants' adult motion picture products are intended;

18        (2)     The relatedness of the fame or success of Larry Flynt to the

19  defendants' adult motion pictures and DVDs;

20        (3)     The similarity of the name or likeness used by the defendant to Larry

21  Flynt's name or likeness;

22        (4)     Evidence of actual confusion;

23        (5)     Marketing channels used;

24        (6)     Likely degree of purchaser care;

25        (7)     Defendants' intent on selecting the plaintiff; and

26        (8)     Likelihood of expansion of the product lines.

27

28

Although these are all factors that are appropriate for consideration in determining the likelihood of confusion, they are not necessarily of equal importance, nor do they necessarily apply to every case.

AUTHORITY: *See Butler v. Target Corp.*, 323 F.Supp.2d 1052 (C.D.Cal.,2004); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007 (9th Cir. 2001).

**Claim 3:  Federal Unfair Competition**

The Plaintiffs have the burden of proving by a preponderance of the evidence that the Defendants used the FLYNT name and mark in a manner that is likely to cause confusion among ordinary purchasers as to the source of Defendants' goods.

AUTHORITY: *Ninth Circuit Manual of Model Jury Instructions*, §15.0, §15.16.

**Claim 4:  Common Law Trademark / Unfair Competition (California State Law)**

1.    Plaintiffs have a protectable interest in a valid trademark; and

2.    Defendants unlawfully infringed on Plaintiff's valid trademark by causing a likelihood of confusion among ordinary consumers as to the source of Defendants' goods.

AUTHORITY:  *See Cleary v. News Corp. Tours*, 30 F.3d 1255, 1262-63 (9th Cir. 1994).

**Defendants' Insertion:**

Defendants contend that Claim 3 (federal unfair competition) is duplicative of Claims 1 and 2, and that Claim 4 (common law trademark/unfair competition) is duplicative of Claims 1 and 2. Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1153 (9th Cir. 2002)(The "elements of state claims for trademark infringement and unfair competition are substantially similar to those of the comparable federal

claims."). Also, "This Circuit has consistently held that state common law claims of unfair competition  and actions pursuant to California Business and Professions Code § 17200 are "substantially congruent" to claims made under the Lanham Act. <u>Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.</u>, 944 F.2d 1446, 1457 (9th Cir. 1991) (citing <u>Century 21 Real Estate Corp. v. Sandlin</u>, 846 F.2d 1175, 1178 (9th Cir. 1988) (holding that under both, the "ultimate test" is "whether the public is likely to be deceived or confused by the similarity of the marks") (internal quotations omitted)); <u>Meta-Film Assocs., Inc. v. MCA, Inc</u>., 586 F. Supp. 1346, 1362. (C.D. Cal. 1984) (concluding that misappropriation deemed "unfair" under the Lanham Act is also "wrongful" and proscribed under § 17200).

AUTHORITY: Cleary v. News Corp., 30 F.3d 1255, 1263 (9th Cir. Cal. 1994)

## Claim 5:  California Statutory Right of Publicity (Civ Code §3344)

Plaintiff Larry Flynt claims that Defendants violated his right to publicity. To establish this claim, Larry Flynt must prove all of the following:

1.    That Defendants knowingly used Larry Flynt's name or identity on merchandise or to sell adult motion pictures;

2.    That the use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign;

3.    That Defendants did not have Larry Flynt's consent;

4.    That Defendants use of Larry Flynt's name or identity was directly connected to Defendants' commercial purpose;

5.    That Larry Flynt was harmed; and

6.    That Defendants' conduct was a substantial factor in causing Larry Flynt's harm.

AUTHORITY: CACI 1804A Use of Name or Likeness (Civ. Code, § 3344) [modified]*; see also Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 413-14 (9th Cir. 1996)

**Defendants' Insertion:**

Claim 4: Use of Name or Likeness (Civ. Code Section 3344)

Plaintiff Larry Flynt claims that Defendants violated his right to privacy. To establish this claim, Larry Flynt must prove all of the following:

1.    That Defendants' knowingly used Larry Flynt's name or likeness on merchandise or to advertise or sell DVD products;

2.    That Defendants did not have Larry Flynt's consent;

3.    That Defendants' use of Larry Flynt's name or likeness was directly connected to Defendants' commercial purpose;

4.    That Larry Flynt was harmed; and

5.    That Defendants' conduct was a substantial factor in causing Larry Flynt's harm.

AUTHORITY: CACI 1804A.

**Claim 6:  California common law Wrongful Appropriation of Name or Likeness**

Larry Flynt claims that Defendants violated his right to privacy/right of publicity.  To establish this claim, Larry Flynt must prove all of the following:

1.    That Defendants used of Larry Flynt's name or identity without his permission;

2.    That Defendants gained a commercial benefit by using Larry Flynt's name or identity;

3.    That Larry Flynt was harmed;

4.    That Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

AUTHORITY:  CACI 1803 Appropriation of name or likeness [modified]*; see also Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 413-14 (9th Cir. 1996)

**Defendants' Insertion:**

Claim 5: Common Law Appropriation of Name or Likeness

Plaintiff Larry Flynt claim that Defendants violated his right to privacy. To establish this claim, Larry Flynt must prove all of the following:

1.    That Defendants used Larry Flynt's name, likeness, or identity without his permission;

2.    That Defendants gained a commercial benefit by using Larry Flynt's name, likeness, or identity;

3.    That Larry Flynt was harmed; and

4.    That Defendants' conduct was a substantial factor in causing Larry Flynts' harm; and

5.    That the privacy interests of Larry Flynt outweigh the public interest served by Defendants' use of his name, likeness, or identity.

In deciding whether Larry Flynt's privacy interest outweighs the public's interest, you should consider where the information was used, the extent of the use, the public interest served by the use, and the seriousness of the interference with Larry Flynt's privacy.

AUTHORITY: CACI 1803.

**(c)**    In brief, the key evidence Plaintiffs rely on for their claims:

1.    Larry Flynt's fame and long history of using his name, image and persona in the adult entertainment industry, on adult entertainment products and elsewhere. Evidence includes appearances on television, in the press and in the major motion picture biography entitled *The People vs. Larry Flynt*. [Claims 1-6].

2.    Approximately 60 DVDs bearing the Larry Flynt trademark and name released by Plaintiffs and their affiliates.  Related DVD sales reports and financial documents. [Claims 1-6]

3.    Plaintiffs use of the LARRY FLYNT mark and surname FLYNT has been used exclusively by Plaintiff Larry Flynt and his LFP or "Larry Flynt Publications" companies for years.  [Claims 1-6]

4.    The LARRY FLYNT trademark for DVDs featuring adult entertainment has been approved and published for opposition by the USPTO. [Claims 1-3].

5.    Expert testimony and survey by Dr. Bruce Isaacson supporting a finding of likelihood of confusion among consumers as to the source of Defendants' goods. [Claims 1-6].

6.    Defendants' DVD products; website screen captures; promotional internet video and other marketing materials/flyers. [Claims 1-6]

**(d)**    Defendants' Defenses to Plaintiffs' claims.

Plaintiffs have indicated that they intend to pursue Lanham Act claims and California state claims related to statutory and common law rights of publicity.

### Unfair Competition Claims.

As for Claims 1 , 3, and 4, Defendants' contend that Plaintiffs do not have protectable common law unregistered trademarks in either FLYNT or LARRY FLYNT and thus cannot prevail on their trademark infringement claim under the

Lanham Act or state common law.  If the Jury determines that LARRY FLYNT is a protectable trademark, then Defendants contend that there is no likelihood of confusion for the reasons set forth below .

As for Claim 2 under the Lanham Act, Defendants' contend that its products, namely adult themed DVDs and the promotions accompanying those items are not likely to confuse the relevant consuming public as to the source of their DVDs.

The key evidence includes:

• Consumers of pornography are sophisticated discerning purchasers. According to Plaintiffs, consumers take upwards of ten minutes to review a product prior to making a purchasing decision.  Again, according to Plaintiffs, the buying process that consumers go through is involved and highly discerning.  It is highly unlikely, in this environment, that confusion would occur.

• The Plaintiffs' products are consistently and prominently branded with Hustler indicia.  Moreover, often times, Hustler products contain Larry Flynt's picture and his full name.  Plaintiffs have asserted, and Defendants agree, that Larry Flynt and Hustler are synonymous.  As such, when viewers see Larry Flynt they think of Hustler and consumers know that Larry Flynt is behind Hustler. Hustler has been consistently branding their products since 1975 and has become one of the most, if not the most, well known adult entertainment brands.  Hustler's prolific marketing machine coupled with its loyal fan base and knowledgeable consumer base assures that consumers know a Hustler product when they see one. Hustler does not leave source to chance.

• In light of the sophisticated nature of the consuming process and in light of the fact that consumers carefully study point of purchase materials including packaging, and in light of the fact that consumers are very familiar with Hustler products and branding, there is little likelihood of confusion as compared to Defendants' products which include no Hustler indicia of source.

1    • The Defendants' products contain none of the Hustler indicia and no

2    cues identifying Hustler.  Plaintiffs' contention is that the mere mention of Larry

3    Flynt's last name on the box cover of a DVD creates confusion because of Larry

4    Flynt's fame.  While Larry Flynt is famous, the evidence suggests that his fame

5    and Hustler's fame and cache assure that confusion is not likely in this instance.

6    That is because, consumers are so familiar with the Hustler brand and with Larry

7    Flynt, that when they are presented with a product that contains none of that

8    indicia, they know that the defendants' product is not a Hustler product.   The

9    evidence is overwhelming (and indeed to a great degree undisputed) that

10   consumers spend too much time studying point of purchase and packaging

11   materials in making a purchasing decision to purchase these expensive items to be

12   confused as to source.

13

14   **The Rights of Publicity Claims-Claims 4 and 5 :**

15   The key evidence supporting Defendants on these claims is that neither Mr.

16   Flynt's name, likeness, nor identity was used by Defendants in any fashion.

17   Moreover, plaintiff was not injured or damaged in any respect by the alleged

18   wrongful conduct.

19

20   **(d)    Defendants' Affirmative Defenses**

21   Defendants intend to pursue the affirmative defense of unclean hands.  All

22   other affirmative defenses asserted in the answer will not be pursued.

23   Plaintiffs' own unclean hands bars them from the injunctive relief they seek

24   in this case as well as their request for attorneys' fees.  Plaintiffs have confirmed

25   that they will be seeking no monetary remedies, including damages and

26   disgorgement of profits.   To demonstrate unclean hands, Defendants must

27   establish that Plaintiffs engaged in unfair/inequitable conduct related to the subject

28   matter of Plaintiffs' claims in this case.  The defense has been recognized by courts

1  when the plaintiff has misused the process of the courts by falsifying evidence, for

2  example. <u>Jondora Music Publishing Co. v. Melody Recordings, Inc.</u>, 351 F. Supp.

3  572 (D. N.J. 1972 (writ of seizure and injunction vacated by reason of

4  misstatement contained in plaintiff's ex parte application); <u>Farrel v. Tostada</u>, 67

5  USPQ 170 (S.D. Cal. 1944); <u>Quad, Inc. v. ALN Assocs.</u>, 770 F. Supp. 1261, 1266-

6  67 & n. 15 (N.D. Ill 1991)(plaintiff misleads the court by using false evidence;

7  "copyright misuse").  In this case, Plaintiffs have attempted to coerce defendants to

8  give up their right to defend themselves by threatening the individual defendants

9  with adverse financial consequences visited upon their father.

10       Defendants' evidence of unclean hands consists of the fact that plaintiff

11  Larry C. Flynt ("Larry") threatened to terminate and ultimately did terminate the

12  employment of his brother Jimmy Flynt Sr., ("Jimmy Sr.") - a longtime Hustler

13  employee making $250,000 per year- in order to coerce the defendants, Jimmy

14  Flynt II ("Jimmy Jr.") and Dustin Flynt ("Dustin") to capitulate to Larry's demands

15  as to how the case must be resolved.  Jimmy Sr. is the father of Dustin and Jimmy

16  Jr. and relied upon his Hustler compensation as a primary means of his livelihood.

17  Knowing this, Larry applied financial pressure to try and force Dustin and Jimmy

18  to capitulate to his demands.

19

20

21       **Plaintiffs' proposed elements of Defendants' "unclean hands" defense**

22  **and objection:**

23       To prevail on an unclean hands defense, the Defendants must demonstrate

24  that the Plaintiffs' conduct is inequitable and that the conduct relates to the subject

25  matter of their claims.

26       Plaintiffs object to the alleged "unclean hands" evidence on the grounds that

27  it is irrelevant and immaterial to the issues in contention in this action, as well as

28  being prejudicial, confusing, and constituting inadmissible settlement

---

4815-7362-9445.1                    14

communications.  Among other things, Jimmy Flynt, Sr., the brother of Larry Flynt and father of Defendants Jimmy Flynt, II and Dustin Flynt, is not a party to this action.

8.    In view of the admitted facts and the elements required to establish the claims and the affirmative defense of unclean hands, the issues remaining to be tried are as follows:

(1)    Did Defendants infringe the unregistered trademark(s) of Plaintiffs?

(2)    Did Defendants unfairly compete with Plaintiffs by using the mark FLYNT on their goods in a manner likely to cause confusion among consumers as to the source, sponsorship, origin or approval of Defendants' goods?

(3)  Did Defendants' use of the "FLYNT" name on their DVD box covers and related marketing materials constitute a misappropriation of his statutory and common law right of publicity?

9.    All discovery is complete.

10.    All disclosures under F.R.Civ.P. 26(a)(3) have been made.

An amended joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit should be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits objected to in the amended Pretrial Exhibit Stipulation setting forth each parties' objections and grounds therefore, attached as **Exhibit A** hereto.

11.    Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

4815-7362-9445.1                     15

12.    Bifurcation of the following issues for trial is ordered:  the liability phase will be bifurcated from the remedy phase.  The unclean hands phase is part of the remedy phase if there is a remedy phase.

13.    The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remain to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.


Dated:  December _____, 2009


_____
UNITED STATES DISTRICT JUDGE


Approved as to form and content:
/s/ Jonathan W. Brown

_____
Attorneys for Plaintiffs Larry C. Flynt,
LFP Video Group, LLC, and LFP IP, LLC


/s/ Mina I. Hamilton

_____
Attorneys for Defendants Flynt Media
Corporation, Jimmy Flynt, II, and Dustin
Flynt