# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. FLYNT, LFP VIDEO GROUP, LLC, and LFP IP, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>FLYNT MEDIA CORPORATION, a Delaware Corporation; **JIMMY FLYNT, II; DUSTIN FLYNT;** and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 2:09-cv-00048-AHM-RZx<br><br>**ORDER OF PERMANENT INJUNCTION** |

Based on the unanimous verdict of the jury announced and received by this Court on December 11, 2009, following this Court's Jury Instructions in this matter, it has been determined that:

1

A. Plaintiffs Larry C. Flynt, LFP Video Group, LLC and LFP IP, LLC ("Plaintiffs") own valid and protectable rights in the LARRY FLYNT trademark.

B. Defendants Flynt Media Corporation, a Delaware Corporation, Jimmy Flynt, II, and Dustin Flynt ("Defendants") infringed the LARRY FLYNT trademark by using a mark similar to the LARRY FLYNT mark without consent of the Plaintiffs and in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods, in violation of the Lanham Act.

C. Defendants used Plaintiff Larry Flynt's name, persona or likeness in a manner that is likely to cause confusion or to deceive consumers as to whether Larry Flynt has an affiliation, connection, or association with Defendants' goods, services or commercial activity, in violation of the Lanham Act.

## **PERMANENT INJUNCTION**

Now, therefore, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

1. Effective as of the date of this Order, Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and those persons and entities in active concert or privity with any of them, are hereby **PERMANTLY RESTRAINED AND ENJOINED** from:

    (a) any and all sale, offering for sale, distribution, promotion or advertising of any adult motion pictures, videos and DVDs, as well as other adult-

themed goods and services, which contain the term "FLYNT" in any typographical format and phrase, including but not limited to "Flynt Media Corporation" and "FlyntCorp Distribution."

(b)  promoting such goods and services on Internet websites.

(c)  passing off such goods and services as those of Larry Flynt, the other Plaintiffs, or their affiliated companies.

2. The provisions set forth above do not prohibit Defendants from advertising, selling, marketing, promoting or distributing adult-themed goods and services that specifically contain the individual Defendants' full and actual names (i.e. "Jimmy Flynt, II and Dustin Flynt") so long as:

(a)  The font size, font color, font style and background color for the first names "Jimmy" and/or "Dustin" are at least the same font size, font color, font style and on the same background color as the name "Flynt"; and

(b)  The product, service, advertisement or promotional material also contains, in conspicuous bold and all capitalized letters a conspicuous disclaimer that states "This [video/website (or other relevant term)] is not sponsored, endorsed by or affiliated with Larry Flynt or Hustler, or any entity associated or affiliated with them." (the "Disclaimer").

3. Within 10 days of the issuance of this Order, Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and those

3

persons in active concert or privity with any of them, shall transfer to Plaintiffs all of the domain names in their possession, custody and/or control that contain the term "FLYNT" without also containing the first names of one or both of the individual Defendants.  For example, Defendants shall transfer domain names such as "flyntdistribution.com", "flyntreport.com", "flyntmedia.com" and "flyntcorp.com" to the Plaintiffs, but are not required to transfer domain names that incorporate one or both of Defendants Jimmy Flynt, II or Dustin Flynt's first name(s).

   4.  Defendants shall immediately take any and all measures necessary to cease production, manufacture, design or planning of any product or service which does not conform with the foregoing paragraphs.

   5.  Within 15 days of the issuance of this Order, Defendants shall destroy all DVDs, DVD box covers and any related promotional materials that violate the terms of this Order.  Within 5 days thereafter, Defendants shall prepare and submit an affidavit of destruction to Plaintiffs which details the products and promotional materials destroyed, the number of products and materials destroyed, the manner and certification of destruction and the location of the destruction.

   6.  This Order is binding upon and shall inure to the benefit of the parties and their affiliates, predecessors, successors, assigns, licensees, manufacturers, heirs and personal representatives and distributors and their respective employees,

attorneys, and agents, or any committee or other arrangement of creditors organized with the respect to the affairs of any such party.

7. This Court shall retain jurisdiction over this action and the parties to enforce any violation of the terms of the Order of Permanent Injunction.

8. The Preliminary Injunction bonds previously posted by Plaintiffs in this Action shall be released and exonerated as of the date that this Order is issued.

Dated: December 28, 2009

_____
A. HOWARD MATZ
U.S. DISTRICT COURT JUDGE